SARAH V. DENISE, Respondent, v. DANIEL S. DENISE, as Administrator, etc., Appellant.

A claim for services rendered for many years under an agreement to pay a certain sum per year is an entire claim, and a payment thereon takes the entire balance out of the operation of the statute of limitations.

By an agreement, made at the time of marriage, it was agreed that, in consideration of the payment of $300 per year by the husband to the wife, she would provide at her house, where the parties were to reside, everything necessary for a living for them both during his life. On reference of a claim, presented by the wife after death of her husband for a balance alleged to be due under said agreement, she, as a witness in her own behalf, was asked: "From the date of your marriage * * * who provided the necessaries for the house and the support of the family?" This was objected to as incompetent under section 829 of the Code of Civil Procedure. *Held*, untenable; that the question did not necessarily call for personal transactions between the witness and the decedent.

The answer of the witness was: "We both did it; he got some things, I got the rest." *Held*, that the answer itself did not fall within the prohibition of said section; but if it did, as the question was not suggestive of the objection, the proper way to present it was by motion to strike out the answer.

Where a question is not objectionable, if the answer contravenes any rule of evidence, the proper practice is to move to strike it out, and an objection to the question based on the ground which such a motion would take, is not available as error.

The costs in proceedings upon a reference, under the statute, of a claim against the estate of a deceased person are not controlled by the pro-

visions of the Code of Civil Procedure (§§ 1835, 1836), in reference to costs in an action against an executor or administrator in his representative capacity, and the court has power to award costs, although the claim was not presented " within the time limited by a notice published, as prescribed by law, requiring creditors to present their claims."

(Argued October 4, 1888; decided October 23, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, made June 17, 1886, which reversed an order of Special Term directing a new trial and directed judgment in favor of plaintiff upon the report of a referee herein. (Reported below, 41 Hun, 9.)

The plaintiff presented a claim against the estate of Daniel Denise, her deceased husband, for a balance, alleged to be due under a contract, the substance of which is stated in the opinion, which, being disputed by the administrator, was, by stipulation made between them, referred under the statute.

The facts, so far as material, are stated in the opinion.

*Horace L. Bennett* for appellant. Under the circumstances, this court can look into the evidence far enough to see whether the referee's conclusion, that an arbitration was had, is justified. (*Duffy* v. *Masterson*, 44 N. Y. 557; *St. Luke's Home* v. *Asso. for Relief*, 52 id. 191.) The arbitration, being verbal, was invalid. (R. S., part 3, chap. 8, tit. 14.) The award was not sufficiently definite to enable the court to enforce it. (*Fallow* v. *Kelcher*, 16 Hun, 266.) This action was barred by the statute of limitations. (*Buckline* v. *Chapin*, 1 Lans. 443–449; *Comstock* v. *Olmstead*, 6 How. 77; *Hulstauder* v. *Thompson*, 5 Hun, 348; *Sanford* v. *Sanford*, 2 id. 94; affirmed, 62 N. Y. 553; *Dalton* v. *Sandland*, 4 Civ. Pro. R. 73; Code of Civ. Pro. §§ 380, 382, 403, 414.) The statute of limitations would have been available as a defense herein, although not pleaded, before the Code of Civil Procedure took effect. (*Tracy* v. *Sydham*, 30 Barb. 110; *Buckline* v. *Chapin*, 1 Lans. 443, 447; *Heath* v. *Grenell*, 61 Barb. 193, 194; *Hulstauder* v. *Thompson*, 5 Hun, 348; *Converse* v. *Miner*, 21 id. 367, 373.) This is not an action; it is a special

proceeding, and it was not necessary to interpose the defense of the statute by answer. (*Roe* v. *Boyle*, 81 N. Y. 305, 307; *Raynor* v. *Laux*, 28 Hun, 35, 36; Code of Civ. Pro. §§ 2533, 2534, 2739, 2740.) The findings, having been duly excepted to by the defendant,' this court will look into the case to see if they are supported by evidence. (*Sickles* v. *Flannigan*, 79 N. Y. 224; *Taylor* v. *Guest*, 58 id. 262–265.) The plaintiff and decedent having lived together as husband and wife, there is no presumption that either should pay the other for labor or support; the presumption is to the contrary. (*Gallaher* v. *Vought*, 8 Hun, 47; 1 Tucker, 28; 2 Bradf. 336; 2 Denio, 149; 3 N. Y. 317; 5 Barb. 122; *Carpenter* v. *Weller*, 15 Hun, 134; *Lind* v. *Sullertadt*, 21 id. 364; 11 Alb. L. Jour. 20.) The error in receiving plaintiff's testimony as to who provided the necessaries for the house and the support of the family was sufficient to warrant a reversal of the judgment. (*Williams* v. *Davis*, 7 Civ. Pro. Rep. 282–285; Abb. Trial Ev. 69; *Fisher* v. *Verplanck*, 17 Hun, 150; *S. C.*, 21 id. 73; *Lerche* v. *Brasher*, 8 Civ. Pro. Rep. 115.) The defendant's practice in moving at the Special Term upon a case to set aside the referee's report and for a new trial was correct. (*Smith* v. *Velie*, 60 N. Y. 106; *Summerville* v. *Cook*, 9 Hun, 664; *Frain* v. *Vantine*, 16 id. 528; *Schreyer* v. *Holborow*, 63 How. 228; *Young* v. *Cuddy*, 23 Hun, 249; *Raynor* v. *Laux*, 28 id. 35.) The provision in the order and judgment awarding to the plaintiff the referee's fees and other disbursements of the action and the costs on the appeal to the General Term was erroneous. (R. S., part 2 [Banks' 7th ed.], § 37, art. 2, chap. 6; *Horton* v. *Brown*, 29 Hun, 654; *Clerke* v. *Tunicliffe*, 38 N. Y. 58–62; *Willey* v. *Shaver*, 1 T. & C. 324–328; *Ex parte Bennett*, 3 Denio, 175.)

*Quincey Van Voorhis* for respondent. The circumstance that a question is so framed as to give an opportunity to a witness to give incompetent testimony is not a sufficient ground for excluding the question where it does not necessarily call for incompetent testimony, and in such a case if the

answer turns out to be incompetent, the remedy of the party objecting is to move to strike it out. (*Kerr* v. *McGuire*, 28 N. Y. 452 ; *Franklin* v. *Pickney*, 18 Abb. 186 ; *Edington* v. *Ætna, etc., Ins. Co.*, 77 N. Y. 570.) The answer as to by whom the necessaries for the house and the support of the family were furnished did not necessarily indicate a personal transaction between the plaintiff and the deceased. (*Lewis* v. *Merritt*, 98 N. Y. 209.) The answer of the witness being harmless to the defendant, the judgment should not be reversed because of its admission. (*Bennett* v. *Austin*, 5 Hun, 536 ; Code, § 1003 ; *Smith* v. *Kerr*, 1 Barb. 155 ; *Vallance* v. *King*, 3 id. 548 ; *Allan* v. *Way*, 7 id. 585 ; *Northrup* v. *Wright*, 21 Wend. 221 ; *Norris* v. *Badger*, 6 Cow. 449 ; Graham & Waterman on New Trials, 651 ; *Horner* v. *Everett*, 47 Super. Ct. [J. & S.] 298 ; *Henderson* v. *Fullerton*, 54 How. 422.) No part of the claim was barred by the statute of limitations. (*Gilbert* v. *Comstock*, 93 N. Y. 484 ; Wood on Limitations, 238 ; *Bank of California* v. *Webb*, 94 N. Y. 472 ; Munger on Application of Payments, 115 ; Angell on Limitations [5th ed.] 240 ; *Gilbert* v. *Comstock*, 93 N. Y. 483.) The contract was a valid one. (*Jacques* v. *M. E. Church*, 17 Johns. 548 ; *Murphy* v. *Carpenter*, 22 Hun, 15 ; Schouler on Husband and Wife, §§ 235, 394 ; *Jaycox* v. *Caldwell*, 51 N. Y. 395.)

GRAY, J. By reference to the testimony, we find sufficient proof to sustain the findings of the referee as to the making of an agreement between the plaintiff and the intestate, her deceased husband, at the time of their marriage ; by which he was to pay to her $300 a year, and she was to provide, at her house, in which they were to reside, everything necessary for a living for them both during life. Except for the time intervening between November 16, 1874, and June 9, 1876, when the plaintiff's part of this agreement was assumed and carried out by her son, the deceased was provided for according to the original arrangement ; but he had only contributed the equivalent, in supplies and cash, of $80 a year to the plaintiff, and the referee found that there was a liability, growing out

of this default, against decedent's estate of $2,400. The admissions of the deceased as to what was his agreement with the plaintiff were proved by witnesses, to whom, or in whose presence and hearing, they were made. Two of the witnesses had, during the lifetime of the deceased, been called in as arbiters in disputes arising between deceased and plaintiff, and with her son, concerning the question of the fulfillment by him of his obligations. Their evidence is valuable; not from their character as arbitrators, or because of their decision as such, but as that of persons unconnected with the parties, who heard the statements of the deceased, and might be expected to testify reliably concerning the transactions. The finding as to the arbitration was quite unnecessary and was immaterial to the conclusion; but its presence is not fatal to the trial. According to this evidence, the deceased at no time denied his obligation to pay to plaintiff the sum originally agreed upon; but what he claimed was that, in addition to the $80 a year, which he had only been contributing in money and supplies towards the support of the household, he had done chores and work about plaintiff's place, which were equivalent to the difference between what he had been paying and what he had agreed to pay. The contract made with Brown, plaintiff's son, under which, for some nineteen months, he undertook the furnishing of supplies to this household and received from the deceased the $300 a year, does not affect the question of the liability of the deceased. It was a temporary expedient to which plaintiff was a party, and for the execution of which she rendered herself liable. When it ceased, by mutual consent, husband and wife resumed their original contractual relations, as the evidence shows and as he stated to or in the presence of some of the witnesses. By its terms it was intended as a " supplement" to an ante-nuptial agreement, in writing, relating to their respective estates, and was the reduction to writing of the verbal agreement which we have mentioned. It did not have the effect of canceling the intestate's engagement, or of extinguishing his liability towards his wife. A careful examination of the case satisfies us that the referee did not lack support in the

evidence for finding as he did as to the existence of the contract, its performance by plaintiff and the non-performance by the deceased, and we pass to the consideration of some important questions argued by the appellant in opposition to the plaintiff's right to maintain this judgment.

The appellant urges that the claim was barred by the statute of limitations. We cannot agree in this view, inasmuch as the payments in every year till the spring of 1879, by the intestate, prevented the statute from running. The case seems to fall fairly within the principle laid down in *Smith* v. *Velie* (60 N.Y. 106); which was a case founded on a claim for services rendered to deceased during many years previous to his decease. GROVER, J. held there that the claim at any and all times for previous services was an entire account, that but a single action could have been maintained thereon against the defendant, and that a payment upon the balance due the claimant took the entire balance out of the operation of the statute. In that case, the intestate had made payments in every year of various sums and of articles of goods to the claimant, who was his housekeeper, and such were considered as applications upon the balance he owed her, as her services were continuous.

The appellant insists there was an error in the reception of evidence. The plaintiff was asked: " From the date of your marriage to November 16, 1874, who provided the necessaries for the house and the support of the family ? " This question was objected to as being within the provisions of section 829 of the Code of Civil Procedure; the objection was overruled and the defendant excepted. The witness answered: " We both did it; he got some things and I got the rest." We do not think the question was open to the objection that it necessarily called for her version of transactions between herself and decedent. In fact nothing was deducible from the mere question as to the person or the transaction. The answer to a question not in itself objectionable on legal grounds, if contravening any rule of evidence, may be stricken out upon a motion to that effect, and such is the proper practice; and an objection to a question, based on the ground which such a

motion would take, is not sufficient where the question itself is not suggestive of the objection. But we do not think the answer falls within the prohibitory rule of the statute as to evidence of personal transactions with a decedent. It does not really, or by ordinary construction, involve such a personal transaction between plaintiff and the intestate. It does, of course, involve testimony that the decedent did provide necessaries for the support of the family; but not that it was the consequence of any agreement or arrangement at the time with plaintiff. It is the statement of a fact of which the witness had knowledge; not of a transaction between her and the deceased. Further, it is clear that the answer was in favor of the defendant, and he was not prejudiced or aggrieved by it.

The only remaining point which we think should be mentioned is the appellant's claim that it was error to award costs and disbursements to the claimant at Special and General Terms. By section 37 of article 2, chapter 6, part 2 of the Revised Statutes, it is provided that upon a reference, under the statute, of a claim presented to an executor or administrator against the estate of the decedent, the proceedings shall be the same as in an action in which the court might, by law, direct a reference, and the court to whom the referee reports, may adjudge costs as in an action against executors. Under sections 1835 and 1836 of the present Code, appellant argues that costs may only be awarded in such a case as this where the claim had been presented within the time limited for the presentation of claims against the intestate's estate, and that, as this claim was not presented till after that time, the court had no power to award costs to this claimant.

In *Field* v. *Field* (77 N. Y. 294), it was held that "the notice for the presentation of claims is for the protection of executors and the estates which they represent, and there is no legal obligation to give it at all." What the statute intends, and, as we think, has provided for, is that the executors or administrators shall have a reasonable time to examine the claim, and that neither they nor the estate shall be subjected to costs unnecessarily. Section 1836 of the Code of Civil Procedure

has reference to the previous section, 1835, which speaks of an action brought against an executor or administrator in his representative capacity. The present case is that of a special proceeding under the statute, where the determination of the matter was referred by the consent of both parties and is not controlled by section 1836.

While the circumstances connected with the growth of this claim may be such as to deprive it of any particular force as an appeal to the sympathies, we are not at liberty to disregard its foundation in a legal right.

We have not overlooked any part of the very ingenious argument of appellant's counsel, and, for the reasons we have stated, the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.