MORTIMER HENDRICKS, Respondent, *v.* MONTEFIORE ISAACS, as Administrator of the Goods, Chattels and Credits of JUSTINA B. HENDRICKS, Deceased, Appellant.

*Reference of a claim against an estate — the costs are to be awarded as in a special proceeding and not as in an action.*

Upon an appeal from a judgment, entered upon the report of a referee on a reference of a claim against the estate of defendant's intestate, and from an order granting costs and allowances:

*Held*, that as these proceedings are special proceedings under the statute, the costs in such proceeding are not regulated by the provisions contained in sections 1835 and 1836 of the Code of Civil Procedure, and that the court may award costs, although the conditions precedent to the right of the court to award costs in an action, as prescribed by section 1836, are absent.

That all the court can, in the first instance, adjudge by way of costs are the referee's fees and other disbursements necessarily incurred, and that it has no power to grant an extra allowance.

Upon a previous appeal to the General Term in this action a judgment was rendered awarding costs to the plaintiff in the event of his success upon a new trial.

*Held*, that as the plaintiff had succeeded upon the new trial he was entitled to such costs, as it is for the appellate court to determine as to whether, in case of an appeal, the costs should or should not be allowed against an executor or administrator.

*Denise* v. *Denise* (110 N. Y., 562) followed.

APPEAL from a judgment, entered in the office of the clerk of the city and county of New York on May 22, 1888, upon the report of a referee upon the reference of a disputed claim against the estate of the defendant's intestate, and also from an order made at the New York Special Term, entered on May 11, 1888, in the office of the said clerk, granting to the plaintiff an allowance of three per cent, besides costs.

*William Man,* for the appellant.

*Abram Kling,* for the respondent.

VAN BRUNT, P. J.:

The question of the right of the plaintiff to maintain this proceeding and to recover therein, seems to have been disposed of in the case of *Hendricks* v. *Isaacs* (46 Hun, 239), and, also, by the case

of *Rohrbach* v. *The Germania Fire Insurance Company* (62 N. Y., 47). It is, therefore, not necessary to discuss those points again.

The only other question which remains to be considered arises upon the appeal from the order granting costs and an extra allowance to the plaintiff. The right to costs seems to be governed by the provisions of the Revised Statutes, which provides that in these proceedings the court may adjudge costs as in actions against executors. Were it not for the decision of the Court of Appeals in the case of *Denise* v. *Denise* (110 N. Y., 562), we would be of the opinion that costs in such proceedings were regulated by the provisions of sections 1835 and 1836 of the Code. But in that case it is distinctly held that, as these proceedings are special proceedings under the statute, they are not controlled by the provisions of sections 1835 and 1836, and that the court may award costs, although the conditions precedent to the right of the court to award costs in an action, as required by section 1836, are absent.

In order, therefore, to enable the court to award costs, no certificate of the judge or referee before whom the trial took place was necessary. It also follows that costs as in an action and costs of an action cannot be allowed by the court, and all that the court can, in the first instance, adjudge by way of costs is the payment of the referee's fees and other disbursements necessarily incurred. The court, therefore, in the award of costs, should have limited itself to the award of such referee's fees and disbursements, and had no power to grant an extra allowance.

The claim made that the plaintiff was entitled to the costs of the previous appeal, because costs were awarded upon that appeal to abide the final event, stands upon an entirely different foundation. It is for the appellate court to determine as to whether, in case of an appeal, costs should or should not be allowed against an executor or administrator. In this case the General Term, in the rendition of its judgment, has awarded costs to the plaintiff in the event of his success upon a new trial, and, having succeeded, he is clearly entitled to those costs. In the case of *Denise* v. *Denise* such an award of costs was distinctly upheld.

It would appear, therefore, that the order awarding costs of the trials and extra allowance should be modified by striking therefrom all the costs of such trials, except the referees' fees and necessary

disbursements, and the order for the extra allowance, and that such order as modified be affirmed, without costs; and that the judgment appealed from should be modified by reducing the same by the amount of the costs and allowances taxed other than disbursements, and, as modified, affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order as modified affirmed, without costs, and judgment appealed from, as modified, affirmed, with costs.