ELBERT W. HAWKHURST, Respondent, v. THOMAS J. RICH, as Administrator, etc., Appellant.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Bills, notes and checks. Consideration.*—The signature of a decedent to a note presumably constitutes a consideration.
2. *Same.*—A note given for an amount ascertained to be due the payee by reason of the makers selling, without the former's notice and permission, personal property belonging to him, is founded upon a sufficient consideration.
3. *Evidence. Burden of proof.*—A statement in a note that it was given "for value received," is sufficient to throw upon the administrator the burden of proving that it was *nudum pactum.*

This is a proceeding under the statute to establish a claim in favor of the plaintiff against the administrator of his father's estate. The claim is based upon a note made by defendant's testator, and the defense is that the note was without consideration.

Appeal from a judgment entered on the report of a referee, and from an order granting costs.

*E. G. Dewall*, for respondent.

*George C. Brainerd*, for appellant.

BARNARD, P. J.—The signature of the deceased to the note presumably made out a consideration for the paper.

It stated that it was given for value received, and that was sufficient to throw upon the administrator the burden of proving that it was given for nothing.

The cross-examination of the claimant makes out an abundant consideration. The deceased had a title to a piece of land in his own name, which really belonged to himself and the claimant together. The plaintiff had personal property on the farm, and the deceased sold the farm without notice to him, and thereby occasioned loss on the sale of the plaintiff's personal property by reason of its forced sale out of season.

The deceased and the claimant went over the items of loss together, " and they agreed upon the amount due." The amount was $550, out of a claim of $852.35. The note was given for the sum of $550. The note rests upon as sure a foundation as if the father to give $550 for the right to sell a farm occupied by his son, and in which he was a half owner, without a formal title at a time when the sale would be beneficial to the father, and injurious to the son. The costs were properly ordered under the case of Denise *v.* Denise, 110 N. Y. 562 ; 18 N. Y. State Rep. 873.

The judgment should, therefore, be affirmed, with costs.

All concur.