HAWXHURST *v.* RITCH.

*(Supreme Court, General Term, Second Department.  July 2, 1889.)*

1. CONTRACT—CONSIDERATION—EVIDENCE.
   The evidence showed that plaintiff and his father, defendant's intestate, jointly owned a farm, the title to which was in the intestate, who, without notice to plaintiff, sold it, whereby plaintiff was injured by being compelled to sell out of season his personal property on the farm, and that the note sued on was given for the amount agreed on between the parties as plaintiff's loss. *Held* sufficient to prove a consideration.

2. SAME—BURDEN OF PROOF.
   A recital in a note given by a decedent that it was "for value received," is sufficient, in an action against the administrator, to cast the burden of proving want of consideration on defendant.

Appeal from judgment on report of referee.

Action by Elbert W. Hawxhurst against Thomas J. Ritch, Jr., administrator of Nathaniel O. Hawxhurst, deceased.  Defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George C. Brainerd,* for appellant.  *E. G. Duvall,* for respondent.

BARNARD, P. J.  The signature of the deceased to the note presumably made out a consideration for the paper.  It stated that it was given for value received, and that was sufficient to throw upon the administrator the burden of proving that it was given for nothing.  The cross-examination of the claimant makes out an abundant consideration.  The deceased had a title to a piece of land in his own name, which really belonged to himself and the claimant together.  The plaintiff had personal property on the farm, and the deceased sold the farm without notice to him, and thereby occasioned loss on the sale of the plaintiff's personal property by reason of its forced sale out of season.  The deceased and the claimant went over the items of loss together, "and they agreed upon the amount due."  The amount was $550, out of a claim of $852.35.  The note was given for the sum of $550.  The note rests upon as sure a foundation as if the father were to give $550 for the right to sell a farm occupied by his son, and in which he was a half owner, without a formal title, at a time when the sale would be beneficial to the father and injurious to the son.  The costs were properly ordered, under the case of *Denise* v. *Denise,* 110 N. Y. 562, 18 N. E. Rep. 368.  The judgment should therefore be affirmed, with costs.