JACOB SALLADE, Respondent, v. CHARLES A. GERLACH, Impleaded, etc., Appellant.

*Supreme Court, General Term, Fifth Department, October 19, 1889.*

*Evidence. Section* 829.—The testimony of an indorser of a note, that he had signed merely for the accommodation of a deceased indorser, and as to why the note was made payable to his order, is incompetent.

Appeal from a judgment entered on a verdict at the Erie circuit directed by the court, and also from an order denying the defendants' motion for a new trial.

*George F. Wardwell* for, respondent.

*Hamilton R. Squier*, for appellant.

MACOMBER, J.—The complaint is upon a promissory note in the sum of $125,000 which was executed by the defendant, T. S. Phillips, and indorsed by the defendants Charles A. Gerlach and P. Herdic, bearing date December 20, 1881, at Buffalo, payable to the order of Gerlach four months thereafter.

Under the pleadings the plaintiff had not devolved upon him any duty of producing evidence because the fact of the making, execution and the transfer of the note, as alleged in the complaint, was admitted. The only question in the case is, whether or not sufficient evidence was given, or offered, which would shift to the plaintiff the burden of showing, in addition to the presumptions of law, the fact that he was a *bona fide* holder for value before maturity of this piece of commercial paper.

The appellant, who is the only one of the defendants who defended the action, takes this appeal upon certain alleged erroneous rulings by the judge at the circuit. Under appropriate allegations in the answer an effort was made at the trial to show that the appellant was merely an accommodation indorser for the benefit of Peter Herdic. This attempt was made by means of the testimony of the appellant himself, and questions were propounded to him which clearly called for testimony relating to personal transactions between the witness and Peter Herdic. But Peter Herdic was, at the time of the trial, dead. An objection was made to such testimony, under § 829 of the Code of Civil Procedure, which was sustained, and exception taken. This decision is fully warranted by authority of the case of Benedict *v.* Driggs, 34 Hun, 94, where a like proposition and ruling were made.

Much stress is also laid upon the ruling of the court upon the following proceedings which were had. The appellants' counsel asked his client the following question: " Now, how did it happen that that note was made payable to your order? " This was objected to, and the court said: " That involves his telling what was said on that occasion, does it not? " The witness replied: " No, sir, it does not." It is argued with some ingenuity that this ruling was erroneous, because the response to the question might not have been incompetent, under § 829 of the Code. The general rule undoubtedly is, that when the question necessarily calls for personal transaction or communication of the party with a deceased person,

its rejection is required under this section; but that when the question does not appear to be obnoxious to this provision, the party is required to wait until the answer itself discloses the fact whether or not it is inimical to this rule of evidence. Denise *v.* Denise, 110 N. Y. 567. In this instance, however, the question necessarily called for incompetent evidence. By the earlier proceedings in the case it is found that substantially the same question was put to the witness and an answer elicited. The same witness said in the earlier part of his examination, " when those notes were drawn, they were made payable to my order at the suggestion of Mr. Herdic. Herdic was present then and there." This was a sufficient reason for the existence of the note in the form in which it appears in the case. Though incompetent under this section of the Code, it stands in the case. What more could have been shown under the question put to the appellant is not apparent from any of the circumstances attending the trial.

It follows, therefore, that the judgment or order should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.