ever, entitled to consideration in an appellate court. On the contrary, a verdict, or a report of a referee, and the rulings of a trial judge will be presumed to be correct until the contrary is shown. It would be not only unreasonable, but unjust, to regard them in any other manner. Nor can we be required to search for grounds on which to differ from the court below.

"The only point which presents a question of law is that relating to the admission in evidence of a certain book called 'Exhibit M.' It contained an account of the work done, not only for the defendant, but for other parties. There was testimony tending to show that the book was correctly kept, and, indeed, to have been recognized by the defendant in his settlements with other persons, as accurate. It was competent as evidence, and, supplemented as it was in many respects by oral testimony, was admissible and entitled to such weight as, in view of all the circumstances, the referee thought proper to give to it. The General Term have also considered this question, and, in the conclusion reached by the learned judge who delivered its opinion, we concur.

"The remaining point relates to the allowance by the referee for services rendered by the plaintiff's hired men and teams. There is evidence which warrants it, but as no exception was taken, nor request made to find differently, it need not be discussed."

*Jay K. Smith* for appellant.

*William H. Nichols* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Judgment affirmed.

---

ELBERT W. HAUXHURST, Respondent, *v.* THOMAS J. RITCH, JR., as Administrator, etc., Appellant.

The allowance of costs, upon a reference under the statute of a disputed claim against an estate, is within the discretion of the court below, and is not reviewable here.

(Submitted December 19, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made January 28, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was a reference, under the statute, of a disputed claim against the estate of Nathaniel O. Hauxhurst, deceased. The claim was upon a promissory note executed by decedent. The defense was that the note was given without consideration.

The following is the *mem.* of opinion :

" The first question raised on this appeal is wholly one of fact. The claim of the plaintiff rested upon a note given by the deceased. The defense was that the note was without consideration. The referee found to the contrary, and while the facts are susceptible of some criticism and open to more dispute, it cannot be said that there was no evidence to sustain the finding.

" Exceptions were taken to the ruling of the referee in admitting certain questions asked of the plaintiff. These were whether any part of the note had been paid, and whether he was the holder of the note. It is a sufficient answer to the objection, that the questions were totally immaterial and entirely superfluous. If they should be stricken wholly from the case, the non-payment of the note would stand presumed till proof was given to the contrary, and the production of the note made him *prima facie* its holder and owner. But in answering the last question, the witness went beyond its scope and added 'it has been in my possession since April 1, 1878.' The case adds, ' This last taken subject to same objection, ruling and exception.' The meaning seems to be that, while the latter part of the answer was not responsive to the inquiry which drew it out, yet the objections to that inquiry should apply to the irresponsive answer. Those were that the question was ' leading, not necessary . to the *prima facie* showing, and presumption of law makes it unnecessary.' The objection here argued was none of those, but one under section 829 of the Code, which was not taken either to the question itself or to any part of the answer. That objection was taken to the inquiry as to non-payment, but to that

only. No other objection is argued, except to the allowance of costs which were in the discretion of the court and not subject to our review. (*Denise* v. *Denise*, 110 N. Y. 568.)

"The judgment should be affirmed with costs."

*George C. Brainerd* for appellant.

*E. G. Duvall, Jr.*, for respondent.

FINCH, J. read for affirmance.
All concur.
Judgment affirmed.

GEORGE W. BRAYTON, Individually and as Assignee, etc., Respondent, *v.* DARWIN W. SHERMAN, as Surviving Executor, etc., Impleaded, etc., Appellant.

*It seems*, where an appellant intends to review, at General Term, findings of fact based upon conflicting evidence, in relation to which no exception lies, it must appear by the case that the whole evidence is contained therein.

Where, however, an exception is filed to a finding of fact, as its only purpose is to bring up the question of law that there is no evidence tending to sustain the finding, it is for the respondent to see that all the evidence which tends in any way to support it, is contained in the case, and the question of law may be reviewed here without the statement in the case that it contains all the evidence.

(Argued December 19, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 27, 1889, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, individually and as assignee, for the benefit of creditors of the firm of Sheldon & Lawlover, to recover from the executor of Augustus Sherman, deceased, the value of certain accounts, which, plaintiff