ELBERT W. HAUXHURST, Respondent, *v.* THOMAS RITCH Jr., as Administrator, etc., Appellant.

*Court of Appeals, January 14, 1890.*

Affirming 53 Hun, 632, Mem.

1. *Appeal.*—The admission of totally immaterial and superfluous evidence, though incompetent, is not ground for reversal.
2. *Same. Waived.*—An objection to the admission of evidence, not made on the trial, is waived.
3. *Same. Costs.*—The allowance of costs, upon a reference under the statute of a disputed claim against an estate, is within the discretion of the trial court, and is not subject to review in the court of appeals.

This was a proceeding under the statute to establish a claim held by plaintiff against the administrator of his father's estate.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*Geo. C. Brainerd*, for appellant.

*E. G. Duvall*, for respondent.

FINCH, J.—The first question raised on this appeal is wholly one of fact.   The claim of the plaintiff rested upon a note given by the deceased.   The defense was that the note was without consideration.   The referee found to the contrary, and while the facts are susceptible of some criticism

and open to more dispute it cannot be said that there was no evidence to sustain the finding.

Exceptions were taken to the ruling of the referee in admitting certain questions asked of the plaintiff. These were whether any part of the note had been paid, and whether he was the holder of the note. It is a sufficient answer to the objection that the questions were totally immaterial and entirely superfluous. If they should be stricken wholly from the case the non-payment of the note would stand presumed till proof was given to the contrary, and the production of the note made him *prima facie* its holder and owner. But in answering the last question the witness went beyond its scope and added " It has been in my possession since April 1, 1878." The case adds: " This last taken subject to same objection, ruling and exception." The meaning seems to be that, while the latter part of the answer was not responsive to the inquiry which drew it out, yet the objections to that inquiry should apply to the irresponsive answer. Those were that the question was " leading, not necessary to the *prima facie* showing, and presumption of law makes it unnecessary." The objection here argued was none of those, but one under § 829 of the Code, which was not taken either to the question itself or to any part of the answer. That objection was taken to the inquiry as to non-payment, but to that only. No other objection is argued except to the allowance of costs, which were in the discretion of the court and not subject to our review. Denise *v.* Denise, 110 N. Y. 568; 18 N. Y. State Rep. 873.

The judgment should be affirmed, with costs.

All concur.