## In re McQUEEN'S ESTATE.

### BLANKMAN v. McQUEEN.

*(Supreme Court, General Term, First Department.　October 24, 1890.)*

COSTS—ALLOWANCE OF CLAIMS BY EXECUTORS—REFERENCE.

The provision of Rev. St. N. Y. pt. 2, c. 6, art. 2, § 37, that, on a reference of a claim presented to an executor or administrator against the estate of a decedent, the court "may adjudge costs as in an action against executors," refers to costs under the Revised Statutes, and the costs taxable in an action under the Code cannot be allowed.

Appeal from special term, New York county.

Claim by Benjamin F. Blankman against the estate of Alfred G. McQueen, deceased, presented to John McQueen, as administrator of said estate, and referred under Rev. St. N. Y. pt. 2, c. 6, art. 2, § 36, providing for the reference of any claim so presented, "if the executor or administrator doubt the justice" of the claim. Section 37 of the same statute provides that the court "may set aside the report of the referees, or appoint others in their places, and may confirm such report, and adjudge costs, as in actions against executors." From so much of the order confirming the report of the referee on said claim as awarded costs and disbursements to the claimant, the administrator appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George P. Webster, (Allen McDonald,* of counsel,) for appellant. *A. S. Diossy, (Daniel Clark Briggs,* of counsel,) for respondent.

VAN BRUNT, P. J. In the cases of disputed claims against an estate which are referred under the statutes, it was held in the case of *Denise* v. *Denise,* 110 N. Y. 568, 18 N. E. Rep. 368, that these proceedings were governed by the Revised Statutes, and their provisions controlled the question of costs. Therefore, where a claimant is entitled to costs in these proceedings, it is the costs referred to in the Revised Statutes, and not costs as mentioned in the Code. Costs under the Revised Statutes were the disbursements, and not necessarily the allowances provided for in the fee-bill in respect to actions. The order appealed from seems to contemplate the allowance of costs as taxable

under the Code. This was error, and the order should be modified in this respect. The cases of *Hopkins* v. *Lott*, 111 N. Y. 579, 19 N. E. Rep. 273, and *Hauxhurst* v. *Ritch*, 119 N. Y. 621, 23 N. E. Rep. 176, in no respect modify *Denise* v. *Denise*. The order appealed from should be modified by striking therefrom the words "taxable costs," and as modified affirmed. All concur.