JACOB SALLADE, Respondent, *v.* CHARLES A. GERLACH, Impleaded, etc., Appellant.

*Court of Appeals, March 8, 1892.*

*Witness. Section* 829.—In an action on a promissory note against the indorsers, testimony of the surviving indorser to the effect that he had signed merely for the accommodation of the deceased indorser, is incompetent under section 829 of the Code of Civil Procedure.

Appeal from a judgment of the general term of the fifth department, affirming a judgment of the circuit court of Erie county in favor of the plaintiff for $1,858.40 damages and costs.

The complaint is upon a promissory note payable four months after date for $1,250, made by the defendant Philips to the order of the defendant Gerlach, and endorsed by the defendants Gerlach and Herdic, of which the plaintiff was the owner. Gerlach the endorser appeals.

The answer of the defendant Gerlach is to the effect that Gerlach held the legal title to certain rights in letters patent owned by Herdic in order to effect the sale thereof for Herdic, and having sold the right to use the same in Buffalo to Philips, Philips gave this note in part payment thereof, and at the request of Herdic the note was made payable to the order of the defendant Gerlach, and endorsed by him in order to show that Gerlach had properly discharged his trust respecting it in favor of Herdic, and not for the purpose of becoming guarantor of the note, and that Herdic afterwards wrongfully diverted the note.

*E. Cowen*, for appellant.

*Geo. T. Wardell*, for respondent.

LANDON, J.—The only question presented by the appellant upon this appeal is with respect to the ruling of the trial judge in sustaining an objection taken under § 829, Code Civ. Pro., by the plaintiff to the question addressed to the defendant Gerlach upon his direct examination: "How did it happen that the note was made payable to your order?" Defendant Gerlach had already testified without objection that he and one Briggs and Phillips had purchased of Herdic the joint right to use for the city of Buffalo and adjacent towns "Herdic's Cab," a patented invention, and that each was to pay for his share of the purchase $2,500 to Herdic, and give him his endorsed note therefor. Herdic, Briggs, Phillips and Gerlach thereupon met at the latter's office, and each purchaser there executed and delivered to Herdic his note or notes, the note in suit being given by Phillips to Herdic. Herdic died before the trial. These facts appearing, the question above quoted was asked and the objection thereto under § 829, sustained. The appellant now insists that the question did not necessarily call for a personal transaction between the witness and the deceased. But it apparently did call for such a transaction; the defendant was trying to establish a defense which, as stated in his answer, in part rested upon a request alleged to have been made by Herdic to the appellant to endorse this note for other purposes than to secure its payment.

If the question did not call for a personal request or transaction, counsel did not assist the court by any intimation that such was not its purpose. In deciding upon this objection the trial court had to decide the preliminary question of fact presented by the objection, namely, whether the question called for a personal transaction between the witness and the deceased, and had to make the decision upon the facts as they then appeared to be. We are now asked to reverse because it is possible that the preliminary fact was otherwise than as the trial court decided it to be.

We must assume in this as in other matters of alleged

error that the trial court was right unless it is made to appear that it was wrong. Denise *v.* Denise, 110 N. Y. 562; 18 St. Rep. 873, is cited. But that case is unlike this, because as the court said " nothing was deducible from the mere question as to the person or transaction," and it was therefore not improper to receive the answer and await a motion to strike out, if the answer showed that the fact assumed by the objection really existed.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.