J. HENRY HALLOCK, RESPONDENT, *v.* ETTA D. BACON AND ANOTHER, EXECUTORS OF EMMA B. SHARRER, DECEASED, APPELLANTS.

*Executors and administrators — a reference under the Revised Statutes — what costs are recoverable.*

A reference, under 2 Revised Statutes (m. p. 88, 89), of a claim against the estate of a deceased person is a special proceeding.

The only costs recoverable therein as a matter of right are referee's fees and necessary disbursements.

Section 3240 of the Code relative to costs in special proceedings, where the same are not specially regulated in the Code, does not apply to a reference under the statute.

*Semble,* that where further costs are desired there must, under the Code of Civil Procedure (§ 1836), be proof that the payment of the claim " was unreasonably resisted· or neglected, or that the defendant refused to refer the claim as prescribed by law."

APPEAL by the defendants, Etta D. Bacon and Alice A. Salisbury, as executrices of Emma B. Sharrer, deceased, from an order of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 17th day of October, 1891, allowing in this proceeding the same costs allowed for similar services in an action, to be paid out of the estate of Emma B. Sharrer.

Plaintiff presented a claim against the estate of Emma B. Sharrer, deceased, which was rejected and referred to a referee, who heard the matter and decided upon the claim pursuant to sections 36 and 37 of the Revised Statutes (3 R. S. [7th ed.], 2299, 2300). The referee reported $114 damages in favor of the plaintiff. A motion was thereafter made on the report for an order confirming said report and for judgment thereon, which motion was granted; and the motion made by the executors for an order setting aside said report was denied. No certificate of the referee or affidavit was filed " showing that the aforesaid claim was unreasonably resisted or neglected, and that no such certificate or affidavit was produced before the clerk " on the retaxation of costs. The plaintiff presented a bill of costs, with notice of retaxation, and upon the day fixed for the retaxation the defendants appeared and objected to all costs except the referee's fees and disbursements, and stated " that this was a special proceeding, and the only costs which the clerk was authorized to tax were the necessary disbursements." The clerk overruled the objections and retaxed the costs, allowing to the plaintiff, besides the referee's fees and disbursements, the following items, viz : " Before notice of trial, $15.00 ; after notice and before trial, $15 ; trial fee, $30 ; trial occupying more than two days, $10." Thereupon the defendants made a motion " that an order be granted setting aside and vacating the taxation and retaxation of costs herein made by the Onondaga county clerk * * * and for a new taxation." The motion was heard October 17, 1891, and denied. Defendants appeal from the order.

*H. E. Miller*, for the appellants.

*J. William Wilson*, for the respondent.

HARDIN, P. J. :

References had pursuant to sections 36 and 37 of the Revised Statutes (3 R. S. [7th ed.], 2299, 2300) are special proceedings.

*In Coe* v. *Coe* (37 Barb., 235), in speaking of a similar case, ALLEN, J., said : " It is a statutory proceeding, and the only authority for a judgment is the report of the referee, which is subject to examination by the court."

In *Young* v. *Cuddy* (23 Hun, 249), GILBERT, J., said : " Ref-erences of disputed claims against executors, pursuant to 2 Revised Statutes (88, 89, §§ 36, 37), are 'special proceedings.' (Code Civ. Pro., §§ 3333, 3334.) The provisions of the Revised Statutes regulating such proceedings have not been repealed by the Code of Civil Procedure ; " and in *Roe* v. *Boyle* (81 N. Y., 305) it was said: " And this has been generally, if not uniformly, regarded as a special proceeding by judges who have had occasion to. consider the point." (Citing cases.)

In *Mowry* v. *Peet* (88 N. Y., 456) it was said : " In trying and adjudicating upon these matters, which are within the scope of the reference, the statute (2 R. S., 88, § 36) confers upon the referee and the court the same powers as if the reference had been made in an action. But the proceeding is not an action."

In *Paddock* v. *Kirkham* (102 N. Y., 599), *Roe* v. *Boyle* and *Mowry* v. *Peet* were referred to approvingly.

In *Eldred* v. *Eames* (48 Hun, 256), decided by this court in 1888, it was said : " Where a reference is had under the statute the claim and stipulation stand in the place and stead of and for the pleadings. Such a reference is a special proceeding. (*Bucklin* v. *Chapin*, 1 Lans., 450 ; *Hatch* v. *Stewart*, 42 Hun, 164.) " Although that case was reversed by the Court of Appeals (115 N. Y., 401) it was upon another point, to wit, * * * the referee has no power of amendment and may not vary the matter referred.

Since the adoption of the Code of Civil Procedure several cases have arisen which recognize the right of the plaintiff to recover referee's fees and disbursements as a matter of course.

In *Krill* v. *Brownell* (40 Hun, 72, decided March, 1886, fifth department), SMITH, P. J., states the legislation upon the subject quite satisfactorily ; and the court in that case reaches the conclusion that the prevailing party " is entitled to recover the fees of referees and witnesses, and his other necessary disbursements, as a matter of right." His opinion was referred to in *Larkins* v. *Maxon* (103 N. Y., 681), as well as other cases to the same effect, and the court said : " We think these last cited cases established the true construction of the subdivision referred to, and that it was intended, and did preserve the right to disbursements given by the former Code upon the reference of a claim against a decedent."

In June, 1886, the General Term, fifth department, decided *Denise* v. *Denise* (41 Hun, 9), and ordered judgment for the plaintiff " to recover referee's fees and disbursements." (Page 13.)

The Court of Appeals affirmed the order (110 N. Y., 562), and near the close of the opinion it was observed : " The present case is that of a special proceeding under the statute, where the determination of the matter was referred by the consent of both parties, and is not controlled by section 1836."

In October, 1886, the fifth department decided *Hatch* v. *Stewart* (42 Hun, 164), which was a case where a reference had been had under the statute and the report had been confirmed, and the court observes that " the recovery of disbursements as directed by the judgment must stand. The plaintiff was entitled to them as matter of right, because the provisions of section 317 of the old Code, to that effect, were not repealed by Laws of 1887. (Chap. 417.) And although the entire provisions of the old Code are embraced in the repealing clause of Laws of 1880 (chap. 245, § 1, sub. 4 and § 2), the then existing right of the prevailing party to recover the fees of referees and witnesses, and other necessary disbursements in a proceeding of this character, is preserved by section 3, subdivision 8 of the same act. (*Hall* v. *Edmunds*, 67 How., 202 ; *Sutton* v. *Newton*, 2 id. [N. S.], 56 ; S. C., 15 Abb. N. C., 452 ; 7 N. Y. C. P., 334 ; *Overheiser* v. *Morehouse*, 2 How. [N. S.], 257 ; S. C., 16 Abb. N. C., 208 ; 8 N. Y. C. P., 11.) "

In the cases in hand no affidavits or certificates of the referee were used at the Special Term to obtain an adjudication allowing the plaintiff costs against the executors. (Rumsey's Pr., 484.)

In *Pursell* v. *Fry* (19 Hun, 599), it was held that without such proof an allowance was improper, and that case is an authority supporting the plaintiff's claim for referee's fees and disbursements, and is an authority adverse to the other costs mentioned in his bill. The case was decided in this department in 1880.

In June, 1883, this department, in deciding *Fredenburgh* v. *Biddlecome* (17 N. Y. Weekly Dig., 25), which was a case where a reference had been had under the statute : *Held*, " on the reference of a disputed claim the executors are not chargeable with costs in the absence of proof that they unreasonably resisted or neglected the claim." In the course of the opinion delivered by HARDIN, J., it

was said : " That section 3240 of the Code is not applicable, as the costs are specially regulated by the sections (1835, 1836, 3246) referred to." However, it is now insisted, in behalf of the respondent, that by section 3240 of the Code of Civil Procedure the court may allow " further costs at the rates allowed for similar services in an action."

In *Hopkins* v. *Lott* (111 N. Y., 577), a case was before the court where a reference had been had under the statute and a recovery of damages in the sum of six cents, and the defendant sought to charge the plaintiff with costs, and in the course of the opinion delivered in that case, ANDREWS, J., says : " The plaintiff was properly denied costs, because the payment of the claim was not unreasonably resisted, and it was referred by the agreement of both parties under the statute. The plaintiff's cause of action was maintained by the judgment entered on the report of the referee, but his damages for the eviction, as determined, were nominal merely, and judgment was awarded in his favor for six cents only ; but the right of the defendant to costs does not follow, because they were not awarded to the plaintiff under the special provisions of sections 1835 and 1836, * * * nor was the allowance of costs to the defendant discretionary under section 3240 of the Code. The costs are regulated by the Revised Statutes and the Code as in actions against executors and administrators."

In *Hendricks* v. *Isaacs* (52 Hun, 100), it seems to have been held that " all the court can, in the first instance, adjudge, by way of costs, are the referee's fees and other disbursements necessarily incurred " in case of a reference under the statute.

In *Blankman* v. *McQueen* (58 Hun, 172), it was held that the proceedings in the case of a disputed claim against an estate are controlled by the Revised Statutes, as regards the allowance of costs, and not by the Code of Civil Procedure, and that the costs are represented by the disbursements and do not include allowance provided in the fee bill in actions. The opinion delivered in that case refers to *Hauxhurst* v. *Ritch* (119 N. Y., 621). The court struck out the " allowance of costs as taxable under the Code."

In the opinion of the learned judge delivered at Special Term, he says: " The court has power to award costs to the successful party, under section 3240 of the Code, and that the costs so awarded

are those given in an action for similar services." That section provided that " costs in a special proceeding instituted in a court of record * * * where the costs thereof are not specially regulated in this act, may be awarded to any party in the discretion of the court at the rates allowed for similar services in an action brought in the same court." * * * The section is found in chapter 21, title 1; in the same title is found section 3250 of the Code of Civil Procedure, which provides as follows: " This title does not affect any provision contained elsewhere in this act, or in any other statute remaining unrepealed after this chapter takes effect; whereby the award of costs is specially regulated in a particular case otherwise than as prescribed in this title." We are of the opinion that section 3240 is not applicable to the case in hand.

We think *Hauxhurst* v. *Ritch* (119 N. Y., 621), does not support the contention of the respondent. At the close of the opinion in that case it was said : " No other objection is argued, except to the allowance of costs which were in the discretion of the court, and not subject to our view. (*Denise* v. *Denise*, 110 N. Y., 568.)" By a reference to *Denise* v. *Denise* (110 N. Y.), we find it said, at page 569 : " The present case is that of a special proceeding under the statute where the determination of the matter was referred by the consent of both parties, and is not controlled by section 1836." And the conclusion reached was that the judgment appealed from should be affirmed, with costs. The judgment thus affirmed is indicated in 41 Hun, at page 13, where it is said: " Motion to confirm referee's report and for judgment granted; that the plaintiff recover the referee's fees and disbursements paid by her, together with the costs of this appeal, and that the same be paid out of the estate of the deceased." It must be assumed, therefore, that the expressions found in *Hauxhurst* v. *Ritch* (*supra*), sustains the right to recover the referee's fees and disbursements only in the proceeding before the referee, and the costs of the appeal.

The following conclusions are reached :

(1.) The reference had in this case was a special proceeding.

(2.) The plaintiff was entitled to recover the referee's fees and disbursements.

(3.) The plaintiff was not entitled to recover the taxable costs as in an action, to wit: Before notice of trial, fifteen dollars;

after notice and before trial, fifteen dollars; trial fee, thirty dollars; trial occupying more than two days, ten dollars.

(4.) The order appealed from should be reversed, with ten dollars costs and disbursements.

(5.) The judgment should be modified by striking therefrom all costs entered therein exclusive of the referee's fees and disbursements.

MARTIN and MERWIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements. Judgment modified as stated in the opinion. Order to be settled before HARDIN, P. J.