# Cases

# FIFTH DEPARTMENT

## GENERAL TERM,

### December, 1895.

———

PERRY D. LINDHOLM and JOHN P. ANDERSON, Respondents, *v.* JENNIE H. KANE, Appellant.

*Married women — when not liable for necessaries purchased for family use.*

92 369
46ap348
92h 369
40 Mis 366

Where a married woman, who has a husband and children, purchases groceries for family use, the presumption is that the purchases were made by the wife as the agent of her husband and that he alone is liable for their amount; although a wife may, by an agreement to that effect, make herself personally liable for such necessaries.

Upon the trial of an action brought to recover of a wife the value of certain groceries, it appeared that the vendors knew that she was a married woman and that she was living with her husband; that the groceries were for family use; the only fact in any manner charging her with the payment of the goods was that sometime after they were delivered she promised to pay for them as soon as she could or when she got the money to do it and in that connection said that her husband was not at home then, but that she would pay it as soon as she could do so. It appeared that nothing was ever said between the parties to the action relative to who would pay for the groceries, and it did not appear that the goods were charged to her in the bill presented.

*Held*, that the defendant was not liable;

That the court would presume that she purchased the goods as agent for her husband;

That the facts did not show an express promise upon her part to make payment, and that, in the absence of such an express promise, the plaintiffs could not recover.

APPEAL by the defendant, Jennie H. Kane, from a judgment of the County Court of Chautauqua county in favor of the plaintiffs,

FIFTH DEPARTMENT, DECEMBER TERM, 1895.          [Vol. 92.

entered in the office of the clerk of the county of Chautauqua on the 15th day of November, 1894, upon the decision of the court reversing a judgment rendered by a justice of the peace.

*J. Delevan Curtiss,* for the appellant.

*James L. Weeks,* for the respondents.

BRADLEY, J.:

The action was to recover the amount of a bill for groceries, alleged to have been sold and delivered to the defendant; also, to recover a further sum for constructing a sidewalk on the defendant's premises. The latter claim was not questioned. Nor was there any controversy had about the amount of the bill for groceries. The alleged liability of the defendant for them was denied and contested by her. The only question for consideration is whether or not the evidence was sufficient to permit the conclusion that the defendant was personally liable for the grocery bill. She was a married woman, having a husband and children. The groceries were purchased for family use. These facts were known to the seller. The groceries were necessary for the family; and nothing appearing to the contrary, the presumption would be that such purchases were made by the wife as the agent of the husband, and that he alone was liable to pay the bill. (*Kegney* v. *Ovens*, 18 N. Y. St. Repr. 482; *Winkler* v. *Schlager*, 64 Hun, 87.) The wife, however, may, by agreement to that effect, charge herself personally with liability for necessaries purchased by her for the family of which her husband is a member. (Laws of 1884, chap. 381; *Tiemeyer* v. *Turnquist*, 85 N. Y. 516; *Hallock* v. *Bacon*, 45 N. Y. St. Repr. 484.)

It follows that to charge the defendant with such liability it was necessary to make it appear by evidence that she undertook to become so, and that the goods were sold to her on her credit. The evidence of the plaintiff Lindholm on the subject is that, in 1892 and 1893, the defendant purchased the groceries; that she came to the store in the first place, and sometimes the children came, after the groceries; that some were taken away by them and some of them were delivered at the house; that he presented a statement of the account to her, and that she said she was short of money; that she

would pay it when she got the money ; that she would pay it soon. " Q. Any further conversation than you detailed this morning? A. I do not remember the details; if I remember, I swore that she said she didn't have any money with her. Her husband was not at home then, but that she would pay it as soon as she could." " Q. At any other time did she make any statement in regard to her agreement to pay for the groceries, except what you have stated, that you remember of? A. No. Q. When you presented this bill to her did she deny her liability for it at any time? A. No." " Q. Did you ever have any talk in regard to who was to pay for the groceries; if so, state it? A. I did not." The witness further testified that the defendant made some payments on the account; the amount paid by her the witness did not recollect. This constitutes the evidence on the part of the plaintiffs bearing on the question, and the evidence of the defendant tended to prove that she did not purchase the goods on her credit.

It does not appear that, when she ordered the goods, the defendant, by any expression, indicated that she made the purchase on her personal credit, nor that she was informed by the seller that they were, or would be, furnished on her account, nor does it appear to whom the account, as presented to her, was charged. And, in fact, the seller says there was no talk with her as to who was to pay for the groceries. The only fact, therefore, upon which the plaintiffs can rely to charge the defendant is, that sometime after the goods were sold and delivered she promised to pay when, or as soon as she could, or when she got the money to do it. In that connection she said, " her husband was not at home then, but she would pay it as soon as she could."

So far as appears nothing had occurred at the time the groceries were purchased and delivered to repel the presumption that the defendant was acting as the wife and in the agency of her husband and at that time such was the inference. (*Strong* v. *Moul*, 22 N. Y. St. Repr. 762.) The question, therefore, is whether the evidence on the part of the plaintiffs tends to prove that anything occurred subsequently to permit the conclusion that the goods were sold and delivered upon any agreement or understanding between the seller and the defendant that they were purchased, sold and delivered upon her personal credit. This depends upon the effect which may

be given to her promise which the evidence on the part of the plaintiffs tends to prove was made to pay for the goods. It may be that such promise would be some evidence of an agreement in the outset if nothing appeared to the contrary. That question, however, it is unnecessary to determine, since the evidence of the plaintiff Lindholm is that there was never anything said by or between him and the defendant "in regard to who was to pay for the groceries," and it does not appear that the goods were charged to her in the bill presented. Under such circumstances it is difficult to see anything to legitimately support the charge that the sale and purchase of the goods were made upon the agreement of the defendant to be personally liable to pay for them. And in the absence of such an agreement or understanding her promise must be presumed to have been made in her relation of wife and in the like exercise of her implied agency as to the transaction of ordering the groceries for the family. This conclusion the evidence requires.

In the cases where the wife, known by the seller to be such, has been held liable for family supplies purchased while she was living with her husband, the recoveries were supported by a special agreement on her part to pay for them, and such agreement was held to be necessary for the purpose. The rule in that respect is not modified by the act of 1884. (*Tiemeyer* v. *Turnquist*, 85 N. Y. 516; *Hallock* v. *Bacon*, 45 N. Y. St. Repr. 484.)

The doctrine applied by the Court of Common Pleas of the city of New York in *Ehrich* v. *Bucki* (7 Misc. Rep. 118; 27 N. Y. Supp. 247; 57 N. Y. St. Repr. 540) is not contrary to the proposition before stated. That case, however, would be less liable to be misunderstood if the facts appeared more fully than they do in the report of the case. A different presumption arises when purchases are made having relation to the separate estate of the wife. In the present case the trial was before a justice and a jury. The justice charged the jury, and in his charge instructed them that there was not sufficient evidence to establish the fact that the defendant authorized the seller of the groceries to charge her for them. An exception was taken. This in practical effect was a direction that the jury find for the defendant on that branch of the case. And if there was any evidence to support a verdict against her as to that alleged claim his charge was error, requiring reversal of the judg-

ment rendered in the Justice's Court, otherwise no legal right of the plaintiffs was prejudiced by it.

The view taken is that there was no evidence to permit a recovery by the plaintiffs against the defendant, and, therefore, there was no error to the prejudice of the plaintiffs in the charge of the justice to the jury. The question of the propriety of the assumption by the justice of the responsibility of instructing the jury and in directing a verdict requires no consideration.

The judgment of the County Court should be reversed and that of the Justice's Court affirmed.

LEWIS, WARD and ADAMS, JJ., concurred.

Judgment of the County Court reversed and that of the Justice's Court affirmed, with costs in the County Court and in this court.