## PARKER v. WILLIAMSON.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

WORK AND SERVICES—ATTENDANCE ON SICK PARENT.

    A claim for services alleged to have been rendered by claimant to her deceased father is sustained by evidence that claimant, who was living with her husband and son, broke up housekeeping at the request of decedent, and went to his house to nurse him and his wife, and that decedent frequently said that he appreciated claimant's services, that he could not get any one else to do so much for him as she did, and that she should be paid therefor.

Appeal from judgment on report of referee.

Claim by Mary E. Parker against Smith Williamson, as executor of the will of John L. Burnett, deceased, for services rendered by claimant to decedent, who was her father.    The claim was referred by consent, and from a judgment in favor of claimant defendant appeals.    Affirmed.

The referee found that on or about October 1, 1891, claimant, who then lived with her husband and son, broke up housekeeping and went to the house of decedent, at his request, to nurse him and wife, and other members of her family going elsewhere to live; that between October 1, 1891, and the time of the death of decedent, on May 30, 1894, claimant performed work, labor, and services for him, in managing his household, and nursing and taking care of him and his wife during illness of each of them, and until their respective deaths; that said services were performed at the request of decedent; that he promised to pay claimant liberally therefor; and that the services were reasonably worth the sum of $500, for which sum judgment was directed. The evidence as to the rendition of services by claimant, and decedent's promise to pay her therefor, was as follows: Isaac W. Ferries testified that he saw claimant at decedent's house, taking general oversight of the affairs, and taking care of decedent and decedent's wife, and of the house and children. Mrs. Anna Fitzgerald testified that she frequently talked with decedent about claimant, and her faithfulness to him and to his wife; that decedent frequently told her how greatly he appreciated her services, that she did more for him than any of the rest of his children, and that he would see her doubly paid for her services and attentions; and that he frequently said that he would pay claimant for the services rendered by her to him and to his wife. Mrs. Cornelia Swift testified that she frequently saw decedent during his last illness; that he told her that he would amply reward claimant, and that she should be doubly paid for her services. Emma E. Foster testified that she frequently heard decedent say that he was pleased at claimant's devotion, and that he would reward her for her services. Mrs. Hannah M. Eltinge testified that she frequently spoke to decedent about claimant's attendance, and he told her that he sent for her to come and nurse his wife and him, and said that, if she did not remain with him and care for him, no one else would; that he meant that she should be well compensated; that claimant objected to breaking up her home to come and wait upon him and nurse him steadily; and that he said that, if she would do so, he would compensate her well. Annie O'Neill, a professional nurse, testified as to the value of the services rendered by claimant. The only evidence to the contrary was that of Henry G. Cooper, who testified that decedent told him that claimant had lived with him for nearly three years; that he intended to do by his children exactly alike; that he had made a will directing an equal division among his children; that claimant had been making her home with him, and had been under no expense for rent or living expenses; and that she should, nevertheless, have an equal share of his estate. The witness further testified that he never heard about the claim, except that certain persons were urging claimant to make it.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

James C. De La Mare, for appellant.
John J. Brady, for respondent.

PER CURIAM.    The testimony given to support the claim of plaintiff was sufficient and satisfactory, and brings the case within the decision in Markey v. Brewster, 10 Hun, 16, affirmed on appeal upon the opinion of the court below.    70 N. Y. 607.    The facts of the case warranted the rendition of a judgment for costs in plaintiff's favor, and the law authorized it.    Denise v. Denise, 110 N. Y.

562, 18 N. E. 368; Hauxhurst v. Ritch, 119 N. Y. 621, 23 N. E. 176.

The judgment appealed from should therefore be affirmed, with costs.