## Siegel *et al.* *versus* Robinson.

A parol contract for the sale of land in Ohio was made in Pennsylvania. *Held*, that the contract was not void under our Statute of Frauds, which does not apply to lands outside of the state.

October 21st 1867.   Before Thompson, Strong, Read and Agnew, JJ.   Woodward, C. J., absent.

Error to the Court of Common Pleas of *Erie county*, No. 7, to October and November Term 1867.

This was an action of debt to February Term 1862, by F. M. Robinson, against Casimer Siegel, Jacob Seip, George Sider and John Gerline.

The plaintiff declared in his first count that the defendants were indebted to him in the sum of $380, " purchase-money due for a certain piece or parcel of land, lying in the township of Mecca, county of Trumbull, state of Ohio, and bounded and described as follows:   *   *   *   which money was to be paid to the plaintiff, whereby and by reason of the non-payment thereof, an action hath accrued to the plaintiff, to demand and have from the said defendants the sum aforesaid, with interest; yet the said defendants, although often requested so to do, have not paid the said sum of $380," &c.   He also declared on the common counts.

Judgment was entered against Gerline for want of an appearance.

There was evidence of a parol contract in Pennsylvania between the plaintiff and defendants, for the sale of the land mentioned in the declaration, payment of part of the purchase-money, staking out part of the land for a well—the plaintiff giving the marks of the lines, and the defendants sinking a well.   The evidence was stated in the appendix to the paper-book, but was not certified by the judge.

The court (Derrickson, A. J.) charged:—

" The defendants' counsel submits the proposition, that the statutes of Ohio, where the land in question lies, forbid the enforcement of parol contracts for the sale and purchase of real estate; and that, as a consequence, the plaintiff cannot recover, although the contract, in the present instance, was made in Pennsylvania.   If we were properly advised that the law was as stated, it certainly would avail as a defence, but we are not.   No pamphlet or other evidence, showing the existence of such a statute, has been shown or furnished us, and without questioning the correctness of the counsel's assertions, we are compelled to say that it is not sufficient to control us in our instructions on the point in question; courts do not recognise the existence of foreign laws unless duly proven, and we, therefore, charge against the defendants."

[Siegel v. Robinson.]

The defendants excepted to the charge.

The verdict was for the plaintiff for $384.61.

The defendants removed the case to the Supreme Court, and assigned the following errors:—

1. The court erred in instructing the jury that the plaintiff was entitled to recover.

2. The court erred in charging, that notwithstanding the contract was void, under the laws of Pennsylvania it was binding, and would be enforced under the laws of the state of Ohio.

3. The court erred in charging, that the laws of the state of Ohio controlled the right of the plaintiff to recover.

4. There was no evidence of John Gerline, one of the defendants, being a party to the alleged contract.

5. Upon the whole evidence the jury should have been instructed the plaintiff was not entitled to recover.

6. The declaration is insufficient to sustain a recovery; it is vague and uncertain, without the proper averments to entitle the plaintiff to recover.

*J. R. Thompson* and *J. C. Marshall*, for plaintiffs in error, cited Bank of United States *v.* Donnally, 8 Pet. 362; Ennis *v.* Smith, 14 How. 426; Jones *v.* Maffett, 5 S. & R. 523; Story on Conflict of Laws, § 271, 635 *a*, *b*; Bell *v.* Bruen, 1 How. 169.

*S. Marvin,* for defendant in error, was stopped by the court.— In his paper-book he referred to Rank *v.* Rank, 5 Barr 211; Milliken *v.* Barr, 7 Id. 23; Railroad *v.* Lindsay, 4 Wall. 650; Wollenweber *v.* Ketterlinus, 5 Harris 389; Guthrie *v.* Wilson, 4 Wright 430; Phillips *v.* Gregg, 10 Watts 158.

The opinion of the court was delivered, October 28th 1867, by

STRONG, J.—The errors assigned to the charge of the court are not well founded. They all represent that instructions were given to the jury, which we do not find in the charge as it appears of record. The jury were not directed that the plaintiff was entitled to recover, or that notwithstanding the contract was void under the laws of Pennsylvania, it was binding and would be enforced under the laws of the state of Ohio, or that the law of Ohio controlled the right of the plaintiff to recover. The first three assignments, therefore, rest upon a mistaken apprehension of the charge. The defendants submitted the proposition that the statutes of Ohio, where the land they had contracted to buy is situated, forbid the enforcement of parol contracts for the purchase and sale of real estate, and that consequently the plaintiff could not recover, though the contract was made in this state. This proposition the court declined to affirm, because there was no evidence given that such is the statute law of Ohio. In this,

[Siegel v. Robinson.]

surely the court was right: Philips v. Gregg, 10 Watts 158; and
to this no error is assigned. But it is urged, the court should
have instructed the jury the plaintiff was not entitled to recover,
because the contract was void by the laws of Pennsylvania. It
would be a sufficient answer to this, that the court was not asked
to give such instruction. But the contract was not void under
our law. Our Statute of Frauds does not apply to parol sales of
lands outside of the state. It certainly does not avoid such
contracts.

The 4th assignment of error is not sustained. We have not
the evidence certified, and we are therefore unable to say there
was no evidence that Gerline was not a party to the contract.
This point does not appear to have been raised in the court below.
Besides Gerline had confessed his liability by submitting to a
judgment.

Nor is there any substantial defect in the declaration.

Judgment affirmed.