NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—JUNE, 1876.

## WEBBER *v.* SPANNHAKE.

*In the matter of the Estate of* CATHARINE SPANNHAKE, *deceased.*

The married women's acts of 1848, &c., did not change the obligation of the husband to support the wife; nor charge the wife with her own support, except in cases where she makes herself and her separate estate liable.

If a husband calls a physician to attend his wife, and the physician ont knowing she has a separate estate, attends without intending to make any charge, the subsequent discovery of the fact that she had such estate will not enable him to claim payment from her estate.

The liability for such services, if any, is upon the husband.

THIS was a motion to confirm the report of an auditor in the matter of the estate of Catharine Spannhake, deceased.

The executor, Lewis Spannhake, was the husband of the testatrix, and a physician; and in his account rendered, he charged the estate the sum of $270 for medical attendance on his wife, and also for the sum of $725, paid to Dr. Webber for medical attendance upon

the executor's wife, both which items were disallowed by the auditor.

Dr. Webber was called as a witness who testified, in substance, that Dr. Spannhake called upon him and asked him to attend his wife,—that it was not customary for physicians to make charges for services rendered in the family of a brother physician, and that he only made the charge against the estate, after he had learned that the testatrix had died leaving a separate estate,—that prior to making such charge he had been told by Doctor Spannhake that he (the Doctor) would have for such services seven or eight hundred dollars.

JOHN C. CLEGG, *for Executor.*

THE SURROGATE.—Upon the evidence as to the item of payment to Dr. Webber, it is difficult to see how the auditor could have done otherwise than he has done in respect to that charge, and his disallowance of the claim seems to be the only finding excepted to.

The amount of the estate seems to have been $1,245-13. It is too plain for controversy that the husband is liable for necessaries, including medical attendance, furnished to his wife, even though they be furnished on the application of the wife, and though she may possess a separate estate; much more so, when it appears that the husband procured the services of the physician, and particularly where the evidence shows that the services were so rendered upon the credit of the husband, the physician not knowing of any separate estate, and it appears that he regarded his claim to exist, if at all, against the husband.

The " Enabling Statute," so called, of 1848, with the amendments thereof, did not change the obligation of the husband to support the wife, nor charge the wife with her own support, except in cases where she makes her-

self, and her personal estate, liable. In the absence of positive proof that the wife intended to, and did charge her separate estate, the law implies a liability on the part of the husband for such support; and it is too clear for argument that as the liability originally attached to the husband for the services of the physician, procured by him, the subsequent discovery of a separate estate of the wife, did not change that liability, and impose it on the wife, or her separate estate, for there was neither legal nor moral liability on her part.

Necessaries purchased by a married woman are not chargeable on her separate estate, unless expressly purchased upon the credit of it, and charged thereon by some affirmative act on her part. (*Dermott* v. *Mc-Mullen*, 8 *Abbott's Pr. N. S.*, 335.)

Notwithstanding the Act of 1862, chapter 172, the husband retains the right to the services and earnings of his wife. (*Filer* v. *New York Central R. R. Co.*, 49 *N. Y.*, 47; *Beau* v. *Kiah*, 4 *Hun*, 171.) All the authorities concur, that the obligation to support a wife creates a right in the husband to her services.

In *Perkins* v. *Perkins* (62 *Barb.*, 531,) Mr Justice POT-TER, in commenting upon the statutes above referred to makes these significant enquiries: "Did any one ever suppose that the possession of some separate estate by the wife, released the husband in any degree from the common law liability, and duty to support, and maintain his wife?

"If he refuses or neglects to furnish such support, may not a tradesman, or mechanic sue the husband for necessaries furnished for her support?

"Would it be a good defence to an action brought to recover on such legal liability, for the husband to plead that the wife had a separate estate?"

The counsel for the executor on the argument un-

dertook to furnish some authority from the Court of Appeals, which he claimed, justified the charge against the estate of the testatrix in this matter; but he was mistaken upon the subject of any such authority existing. Indeed the charge seems to me so obviously in violation of long, and settled principles of law, and is so repugnant to a just sense of propriety that I venture to decide the case upon the foregoing consideration, without further delay.

Let an order be entered confirming the report of the auditor.

Order accordingly.