WILLIAM H. McCAUSLAND AND FRANK McCAUSLAND v. ADA-
LINE KING.

*Judgment—Evidence—Cross-Examination—Books of account— When pro-
duced without subpœna.*

1.  Plaintiffs recovered judgment against defendant's husband for repairs made by them upon a house owned by her.

    *Held,* that the judgment was conclusive evidence that the husband was the debtor of plaintiffs for the account sued upon, and that they looked to him as such.

2.  Where suit is brought on an account shown to have been charged in plaintiff's books, defendant is entitled to a full cross-examination of plaintiff, who was sworn as a witness, upon all that the books would show, which if called for should be produced by the witness without a subpœna *duces tecum.*

Error to Wayne.  (Jennison, J.)  Argued February 3, 1886.  Decided February 10, 1886.

Assumpsit.  Defendant brings error.  Reversed.  The facts are stated in the opinion.

*B. T. Prentiss*, for appellant:

Defendant is not liable for the claim sued upon, irrespective of the former judgment against her husband: *Newcomb v. Andrews*, 41 Mich. 518. It has been repeatedly held in this Court, that a wife is not liable for work performed upon her property, when put there by her husband, and the former judgment against the husband for this work is conclusive proof that the contract was made with, and credit given to him. If not conclusive it should have been submitted to the jury: *Powers v. Russell*, 26 Mich. 179; *Emery v. Lord*, Id. 431; *West v. Laraway*, 28 Mich. 464; *Willard v. Magoon*, 30 Mich. 273; *Johnson v. Sutherland*, 39 Mich. 579; *Morrison v. Berry*, 42 Mich. 389; *Holmes v. Bronson*, 43 Mich. 562; *Ins. Co. v. McClellan*, Id. 564; *Harvey v. Galloway*, 48 Mich. 531; *Edwards v. McEnhill*, 51 Mich. 160. The court erred in refusing to direct the witness McCausland to produce the plaintiffs' books on cross-examination: *Powers v. Russell*, 26 Mich. 179. A former adjudication is conclusive as respects the subject matter: *Jacobson v. Miller*, 41 Mich. 90; and a former suit is held a bar, when the second suit is against only a part of the defendants, in the first suit, the same question being litigated in both: *Miller v. Manice*, 6 Hill, 114; *Kitchen v. Campbell*, 3 Wilson K. B. 304. A judgment against two of four partners is held a bar to a subsequent suit against the four: *Robertson v. Smith*, 18 Johns. 459. When a judgment has been obtained for a debt, the right given by the record merges the inferior remedy by action for the same debt against another party: *King v. Hoose*, 13 Meeson & Wells, 504; *Penny v. Martin*, 4 John, Ch. 566; *Peters v. Sanford*, 1 Den. 224; *Green v. Clarke*, 12 N. Y. 343. A former judgment is admissible in evidence, although between different parties, where the party sought to be affected by the evidence was a party to the former suit: *Lawrence v. Hunt*, 10 Wend. 80. It having been solemnly adjudicated in the former suit that the defendant's husband was indebted to plaintiffs for the bill, plaintiffs who were parties to that case are estopped from denying its truth: *Trevivan v. Lawrance*, 1 Salk. K. B. 276; *Wood v. Jackson*, 8 Wend. 9.


*Barbour & Rexford*, for plaintiffs:

A prior judgment concludes only parties and privies: *Buckingham v. Ludlum*, 37 N. J. Eq. 137; *Henry v. Wood*, 77 Mo. 277; *Maple v. Railroad Co*, 40 Ohio St. 313; *Tif-*

*fany v. Stewart.* 60 Ia. 207 ; and this is the only safe rule: *Wales v. Lyon,* 2 Mich. 282. There must be identity of party as well as subject matter: *Tucker v. Rohrback,* 13 Mich. 75 ; *Phillips v. Jamieson,* 51 Mich. 153. If by mistake in identity, a creditor were to pursue the wrong person, the judgment should not be a bar to a suit against a real debtor. *Fifield v. Edwards,* 39 Mich. 264. No notice to produce, having been given, nor subpœna *duces tecum* served, and no necessity therefor having been shown, there was no error in refusing to require the production of plaintiffs' books of account. *Cummer v. Kent Judge,* 38 Mich. 351.

CAMPBELL, C. J. In this case, which began before a justice and was appealed into the Wayne circuit court, plaintiffs sued defendant for a bill of repairs to a house which they testify she said was hers, but for which they had before sued her husband, got judgment, and issued execution.

The court below refused to treat this judgment as a finality, and by his instructions to the jury kept it from their consideration for any purpose. Counsel for defendant also, in cross-examining one of the plaintiffs concerning his former testimony, and as to how the books showed the account to have been charged, was met by the objection that the witness was not obliged to produce his books unless defendant called him as her own witness and issued a subpœna duces tecum, and was not allowed to pursue the inquiry.

That such judgment is conclusive evidence that plaintiffs looked to William King as their debtor, and that he was their debtor for the account sued on, is beyond question. How far such a judgment would be a bar to suing any one else, would depend on a condition of affairs which the record does not clearly show. It would have a bearing on who was considered the sole debtor, if there was but one, and such was the claim here, apparently. Whether it would operate as an estoppel, absolutely, depends on facts which do not seem to have been allowed to be thoroughly explored. It was not irrelevant.

As this suit was brought on an account which was shown to have been charged in the books, defendant was entitled to a full cross-examination upon all that the books would show,

and was not bound to make plaintiff her witness. He should have produced the books.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.