MALVINA EDWARDS, Respondent, *v.* JOHN WOODS, Appellant.

Under the provision of the Married Woman's Act of 1860, charging the property of a married woman for such debts of her husband '' as may have been contracted for the support of herself or her children by her as his agent '' (§ 1, chap. 90, Laws of 1860), the charge so imposed is not self-executing, but must be enforced, in proceedings instituted for that purpose, preliminary to the taking of the property. The liability must first be adjudged in an action to which she is a party and in which she has had an opportunity to be heard.

Accordingly *held*, that, in the absence of such an adjudication, a levy upon and sale of the property of a married woman under an execution issued upon a judgment against her husband rendered upon an indebtedness of the kind specified, was unlawful and rendered the sheriff liable.

(Submitted February 5, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 16, 1891, which denied a motion for a new trial and ordered judgment in favor of plaintiff to be entered upon a verdict.

This was an action to recover damages for the wrongful taking and selling of a horse belonging to plaintiff by defendant, who, as sheriff of Seneca county, had levied upon said horse under an execution issued upon a judgment confessed by plaintiff's husband.

The facts, so far as material, are stated in the opinion.

*James Harmon* for appellant. The personal property of a married woman is liable to be taken on an execution against her husband, and sold to satisfy his judgment debt; where a portion of such debt was contracted by her as his agent for the support of herself and her children, and the other portion was for his support. (§ 1, chap. 90, Laws of 1860; *Tiemeyer* v. *Turnquist*, 85 N. Y. 519; *White* v. *Wager*, 32 Barb. 250; *People ex rel.* v. *Lacombe*, 99 N. Y. 40; *Livingston* v. *Harris*, 11 Wend. 329; *Harrington* v. *Trustees of Rochester*, 16 id. 547; *Burdick* v. *Phillips*, 17 Wkly. Dig. 440; *Thurber* v. *Townsend*, 22 N. Y. 527; *People* v. *City of Rochester*, 50 id. 225; *Slater* v. *Messereau*, 64 id. 138; 2 Kent's Comm. [7th ed.] 430.) Where on the whole case the plaintiff is not entitled to recover, and the objection cannot be obviated, it is not necessary in making a motion for a nonsuit to state any grounds. (*A. B. & C. Co.* v. *Pratt*, 2 Hun, 445; *Delafield* v. *State*, 2 Hill, 159; *Cook* v. *Whipple*, 55 N. Y. 157; *Tooley* v. *Bacon*, 70 id. 37; *Newton* v. *Harris*, 6 id. 345; *Merritt* v. *Seaman*, Id. 168.) The power of the court to direct a verdict is upon the same principle as the power to nonsuit. (*People* v. *Cook*, 8 N. Y. 75.)

*J. N. Hammond* for respondent. The horse, being the sole and separate property of the plaintiff, was not liable to seizure and sale on execution issued upon a judgment against her husband. (Laws of 1848, chap. 20; Laws of 1853, chap. 576; Laws of 1860, chap. 90.) The statutes and laws upon the subject have established in married women the absolute and separate title to property, and when the same has once become vested it is entitled to the same protection extended to the title of any other class of persons. (*Covert* v. *Hughes*, 8 Hun, 305; *Salmon* v. *McEnany*, 23 id. 87; *People* v. *Berberrick*, 11 How. Pr. 289; *Heller* v. *Rosselle*, 6 Hun, 631; *Lennox* v. *Eldred*, 1 T. & C. 142.) The plaintiff waived his right to claim the benefit of the exception in the statute by uniting in his judgment a claim which he concedes is not within the exception with one which he says is within the

exception. (*Root* v. *Wagner*, 30 N. Y. 9; *In re Cooper*, 93 id. 507; *Lambert* v. *Snow*, 17 How. Pr. 17; *McGovern* v. *Payn*, 32 Barb. 83; *Miller* v. *Scherder*, 2 N. Y. 262, 267; *Suydam* v. *Smith*, 7 Hill, 182.)

ANDREWS, J. The act of 1848, for the more effectual protection of married women, declared that the property of a married woman "shall not be subject to the disposal of her husband, nor be liable for his debts." By the act of 1860 (Chap. 90), this exemption was qualified as follows: "Except such debts as may have been contracted for the support of herself or her children by her as his agent."

The execution under which the defendant levied upon and sold the horse, was issued upon a judgment obtained in an action against the husband of the plaintiff, upon an account for merchandise consisting of goods, clothing and supplies purchased for the use of the family of the judgment debtor, consisting of himself, his wife (the plaintiff) and his daughter. The account was an ordinary store account opened at a store in the place where the family resided, and each member of the family participated in making purchases, and by whomsoever made, the articles purchased were charged to the husband by his authority. It was shown on the trial of the present action that two-thirds or more of the account was for articles purchased for the wife (the plaintiff) for her personal use or the use of her daughter, and that the husband personally purchased not more than one-third in value of the articles charged. It is claimed that as the judgment against the husband included the value of the articles purchased by the wife "for the support of herself and her children," as agent of her husband, her property was liable to be taken on the execution. This contention cannot be supported.

The debt upon which the judgment was recovered was the debt of the husband. The wife was never liable as debtor for any part of it. The statute of 1860 charges the property of the married woman for the debts of the husband in the case specified. But the remedy is in equity, or at least the liability must first be adjudged in an action to which she is a party and

in which she has an opportunity to be heard before her prop-
erty can be taken to satisfy her husband's debt. Neither
the judgment nor the process on which the horse was taken
was against the plaintiff. The horse was not taken or sold
as the husband's property, but as the property of the wife.
The defendant in the execution and the officer holding the
process undertook to determine for themselves whether the
conditions existed under which the wife's property was made
liable for the husband's debt, and having determined that it did,
they proceeded to enforce the charge by selling the property.
This they could not do. The analogies of the law require that
the liability of the wife's property should be first adjudicated
before it shall be taken for her husband's debt. Here not only
was this not done, but the property was seized and sold on a
judgment which made no distinction between the part of the
account which was contracted by the husband and the part con-
tracted by the wife as his agent. It is unnecessary in this case
to define the scope of the exemption in the act of 1860.
Does it apply to a case where the wife living with and being
supported by her husband, purchases on his account and with
his consent articles for the common use of the members of the
household, or is it the true construction of the statute that the
agency referred to is that which the law implies, to enable a
wife to supply herself and her children with necessaries when
the husband has abandoned her and refuses to furnish them?
In view of the custom of families when the husband leaves
the management of the household to his wife and commits to
her the discretion to make purchases for the house and to
supply her wants and those of her children, the broad construc-
tion claimed for this section of the act of 1860 opens a wide
door of departure from the policy of the acts for protecting
the property of married women.

It is sufficient to uphold the judgment in this case, that the
charge imposed by the act of 1860 is not self-executing, but
must be enforced, if it exists, in proceedings instituted for that
purpose preliminary to the taking of the property, and that an
officer cannot upon an execution against the husband lawfully

seize the property of the wife in the absence of any adjudication that the property is liable for the debt.

The judgment should be affirmed.

All concur.

Judgment affirmed.