### LUGAR *v.* SWAYZE.

(*City Court of New York, General Term.*  November 25, 1892.)

HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE.

    Where a painter decorates a flat occupied by a married woman, at her request, and takes a note of her husband for the debt, and reduces it to a judgment, the wife cannot afterwards be held for the debt, as credit was not given to her.

Appeal from trial term.

Action by Frank Lugar against Joe A. Swayze for work and labor.  Judgment was rendered for defendant, from which judgment plaintiff appeals.  Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

*William Douglas Moore,* for appellant.  *Fullerton & Rushmore,* for respondent.

FITZSIMONS, J.  The plaintiff is a painter and decorator.  The defendant is a married woman.  She applied to plaintiff to paint and decorate a flat occupied by her.  A written estimate was made out in her name by plaintiff, and agreed to.  The work was done according to the terms thereof.  Plaintiff's dealings were had solely with defendant.  She spoke of the flat as "her flat."

After the work was finished, the plaintiff demanded payment from defendant by mail, several times. In response to his last request, he received the promissory note of defendant's husband, which was not paid at its maturity. Plaintiff sued him thereon, and recovered judgment thereon in New Jersey. The flat is one known, I believe, as a "community flat," owned by its occupant usually. It does not appear in this case that the defendant was owner of the flat in which the repairs were done. A married woman may make contracts, and she is liable thereunder just as if she were a *feme sole*, it is true; but such is not the case where she contracts as a married woman, and not in her individual capacity. In matters concerning the repair or management of her husband's household or premises, when acting in the capacity of a married woman, she is only the agent of her husband, and cannot be held as a principal. All the common-law disabilities apply to contracts of that character, and in reference to such contracts her liability is not any greater to-day than it was prior to the passage of the acts which removed her disability to make contracts. The acceptance of defendant's husband's note, and subsequent suit and judgment thereon, I think, indicate that plaintiff intended to give credit to him, and not to defendant personally, and is conclusive against plaintiff. *McCausland* v. *King*, (Mich.) 26 N. W. Rep. 826. In fact, the case has abundant evidence showing that plaintiff recognized defendant as a married woman, and dealt with her as such, and apparently looked to the husband as his debtor. I do not think that it was necessary in this case for defendant to plead coverture or payment by acceptance of her husband's note, the theory of her defense being that her husband was plaintiff's debtor, and not herself; but, so as to avoid the force of such objection, in case it has any, the pleadings are hereby amended so as to conform to the proof, if so desired by defendant.

We think that the judgment should be affirmed.