## LUGAR v. SWAYZE.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. LIABILITY OF HUSBAND—REPAIRS ORDERED BY WIFE.
   In an action against a married woman for papering and decorating a flat in which she and her husband resided, proof that plaintiff obtained a judgment against the husband on a note given by him in settlement for the work is conclusive that plaintiff looked to him as the debtor, and plaintiff cannot re-cover against the wife. 20 N. Y. Supp. 885, affirmed.

2. SAME.
   A married woman who orders decorations for an apartment in which she and her husband reside. is not personally liable for their cost, as this is a part of her family duty in looking after the family home, for which the husband alone is responsible.

3. SAME—PLEADING AND PROOF.
   In such action, the note given by the husband for the work is admissible under a plea of nil debet, since the giving of such note by the husband shows that no indebtedness rested on the wife.

Appeal from city court, general term.

Action by Frank Lugar against Joe A. Swayze for work done in paper-ing and decorating a flat in which defendant, a married woman, resided with her husband, and for cleaning carpets, and removing and packing furniture. From a judgment of the general term of the city court affirming a judgment entered on a nonsuit and affirming an order deny-ing a new trial, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William Douglas Moore, for appellant.

The fact that plaintiff obtained a judgment upon the note does not preclude plaintiff from proceeding to collect against the defendant upon the original contract, unless it is shown that the judgment has been paid; and even then plaintiff would be entitled to recover and enter his judgment unless the payment were pleaded. Bigelow, Estop. p. 180 et seq.; Daniel, Neg. Inst. (3d Ed.) p. 830; Butler v. Miller, 1 N. Y. 496, 1 Denio, 407; Drake v. Mitchell, 3 East. 251; McKyring v. Bull, 16 N. Y. 297; Lent v. Railway Co., 130 N. Y. 504, 511, 29 N. E. Rep. 988.

Palmer, Boothby & Warren, for respondent.

BOOKSTAVER, J.   This action was brought by the plaintiff, a decorator, against the defendant, a married woman, for work done in papering and decorating the flat No. 226 West Fifty-Ninth street, New York, and for certain work done in cleaning carpets and in removing and packing furniture, etc.   A written estimate was made out in her name by the plaintiff, and sent to her by mail.   Plaintiff himself testified that he knew defendant was a married woman, and in one of the interviews with him had told him she had submitted it to her husband who thought it too high; and there was other testimony given by plaintiff strongly tending to show that he knew that defendant had a husband living. Under such circumstances, we think it was his duty to have informed himself as to whom the flat belonged.   After the work was finished, plaintiff demanded payment from the defendant by mail several times, and in response to his last request he received a promissory note, made by defendant's husband, for the full amount of the bill, which he accepted.   When it became due and was unpaid, plaintiff wrote Mr. Swayze, asking for its payment, and offered to renew it for a portion of the amount, if necessary.   Thereafter the plaintiff sued on this note, and obtained judgment thereon in the state of New Jersey.   In an action against a married woman for repairs on her house, proof that the plaintiff obtained judgment against her husband is conclusive evidence that the plaintiff looked to him as the debtor.   McCausland v. King, (Mich.) 26 N. W. Rep. 836.   Appellant contends, however, that he ought not to be concluded thereby, as the action in New Jersey was based upon the promissory note, and not upon the original claim.   But the original claim was the only consideration for that note, and without such consideration the note would have been void as between the parties.   As far as we are able to see from the return, there is nothing to distinguish this case from any other where the wife, as a part of her family duties, superintends and looks after the family home, seeing that it is kept in order and suitable for a family residence. If the defendant could be held personally liable in this action, there is nothing to hinder any tradesman from holding the wife liable for everything pertaining to the household which she directs to be done; and she would be liable for the hire of the household servants, who are always under her direction and selection.   The cases cited by the appellant as to the effect of judgments refer to instances where two people are severally liable for the same debt.   In such case, it is true, judgment against one is no defense to an action against the other.   Appellant also con-

tends that it was error to admit in evidence 'the note given by Mr. Swayze, claiming that its introduction tended to prove payment,· which was not pleaded, and which should have been if he had desired to avail himself of that plea;·but under the plea of nil debet any fact tending to show there was no indebtedness on the part of the defendant was admissible. Lent v. Railway Co., 130 N. Y. 511, 29 N. E. Rep. 988. He also contends that the defendant's motion to dismiss was not broad enough to cover the questions raised, yet it was plainly made upon the theory and contention that no claim against defendant had been proven; but, on the other hand, the proof showed that the defendant's husband was the debtor, and had been made so by the highest authority known to the law. The judgment should therefore be affirmed, with costs. All concur.