(7 Misc. Rep. 173.)

## WENNERSTROM v. KELLY.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. PRINCIPAL AND AGENT—RATIFICATION.
    Where repairs are made by plaintiff on defendant's dwelling house under the direction of defendant's servant with the knowledge of defendant's wife, and without objection from her, her employment of plaintiff and assent to the servant's instructions may be inferred.

2. SAME—AUTHORITY OF AGENT.
    Where repairs on defendant's house, in which he was residing at the time, and which was subject to his control, were made by the direction of defendant's domestic servant, it may be inferred that the servant was authorized to have the repairs made.

3. EVIDENCE—PRESUMPTION FOR FAILURE TO CALL WITNESS.
    Failure of a party to call a witness who has knowledge of the fact in issue creates a presumption that the testimony, if produced, would be unfavorable.

Appeal from third district court.

Action by Albert P. Wennerstrom against Eugene Kelly, Jr., to recover for work, repairs, and services performed and materials furnished in and about the making of necessary household repairs

at defendant's residence.    From a judgment in favor of plaintiff, defendant appeals.    Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Chas. J. Hardy, for appellant.

A. A. Michell, for respondent.

BISCHOFF, J.    As regards the disputed items of plaintiff's claim, it was conceded by him that the repairs were made upon the immediate instructions and under the direction of defendant's household servant; and the only ground upon which defendant assails the judgment is that there was no evidence of the servant's authority.    It appears, however, that the premises wherein the repairs were made were occupied by defendant as the common residence of himself and wife; that as to some of the disputed items, at least, defendant's wife was aware at the time that the repairs were in progress; and that, not only did she not protest, but that she approved thereof.    Her employment of plaintiff, and assent to the servant's instructions to him as to those repairs, are therefore justly inferable from the facts.    With reference to the remainder of the disputed items it is to be observed that defendant's denial of authority to his servant to cause them to be made, being that of a witness interested in the event of the trial, was by no means conclusive.    Elwood v. Telegraph Co., 45 N. Y. 549; Gildersleeve v. Landon, 73 N. Y. 609; Honegger v. Wettstein, 94 N. Y. 252; Kavanagh v. Wilson, 70 N. Y. 177; Wohlfahrt v. Beckert, 92 N. Y. 490; Bank v. Diefendorf, 123 N. Y. 191, 200, 25 N. E. 402.    Authority to the servant to cause these repairs to be made was, therefore, also inferable from the fact that they were made upon and within defendant's premises, where he was at the time residing, and which were subject to his control.    Again, a wife residing with her husband has implied authority to pledge his credit for the payment of ordinary and necessary household expenses.    "The simple circumstance that husband and wife are living together has been generally held sufficient, when nothing to the contrary intervenes, to raise a presumption that the wife is rightfully making such purchases of necessaries as she may deem proper.    Whoever then supplies her in good faith, as the law has been usually understood, need inquire no further, but may send his bill to her husband.    This rule is a fair one, for it is not to be supposed that a husband will go in person to buy every little article of dress or household provision which may be needful for his family.    As Lord Abinger observed, a wife would be of little use to her husband in their domestic arrangements if his interference was always to be deemed necessary. Accordingly, if an action be brought against the husband for the price of goods furnished under such circumstances, it must be taken prima facie that these goods were supplied by his authority and he must show that he is not responsible."    Schouler, Husb. & Wife, § 106.    See, also, Lugar v. Swayze, 1 Misc. Rep. 209, 20 N. Y. Supp. 885; Id., (Com. Pl. N. Y.) 21 N. Y. Supp. 1101; Church v. Landers, 10 Wend. 79; 9 Amer. & Eng. Enc. Law, p. 839; 2 Lawson, Rights, Rem. & Pr. p. 1317, § 719.    The exercise of this implied authority

on the part of defendant's wife is inferable, as before stated, from the facts that she knew that some of the repairs were being made, and approved thereof; and that the remainder of the repairs were made upon and within premises at the time actually occupied by her and her husband for the purposes of their common household, and which, as such, were subject to her control and that of her husband. One further circumstance supports the inference of the exercise of her implied authority on the part of defendant's wife to pledge her husband's credit for the payment of plaintiff's demand. She was not called as a witness upon the trial, to disprove knowledge of the progress of the repairs at the time they were being made, nor the facts that they were made with her sanction or upon her instructions; and her absence upon the trial remained without explanation. From this circumstance the justice below was justified in drawing the conclusion that, if defendant's wife had been produced as a witness, her testimony would have tended to support plaintiff's right of recovery. As the rule has been very recently stated, (Graves v. U. S., [Nov. 1893,] 14 Sup. Ct. 40:)

"If a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable."

See, also, 1 Starkie, Ev. 54; People v. Hovey, 92 N. Y. 554, 559; Gordon v. People, 33 N. Y. 508.

Judgment affirmed, with costs.