MAYER v. LITHAUER.

(Supreme Court, Appellate Term.    June 28, 1899.)

1. HUSBAND AND WIFE—NECESSARIES—LIABILITY OF WIFE.
    Under Laws 1896, c. 272, § 21, providing that a married woman shall
    have all the rights in respect to property and shall be liable on her contracts
    as if she were unmarried, a married woman is liable on her contract for
    necessaries furnished while she lives with her husband.
2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.
    A verdict based on conflicting evidence will not be disturbed on appeal.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Catherine Mayer against Mollie Lithauer.    From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Leo Lithauer, for appellant.
Ludvigh & Ryttenberg, for respondent.

FREEDMAN, P. J.    The pleadings in this case were oral, and the action was tried before a jury, who rendered a verdict in favor of the plaintiff.    The action was brought to recover the value of material furnished and used in a silk dress made by the plaintiff for the defendant, and for services in making the same.    It appears that the defendant is a married woman living with her husband; and the principal point urged by the defendant upon this appeal is that the dress ordered by the defendant, being in the nature of a necessity, the husband was presumptively liable for the materials furnished and the services rendered in making, and that the defendant could not be charged therewith, except by an express promise on her part to pay therefor.    This contention is not well founded.    While an action may be maintained against a husband, under certain circumstances, for goods sold or services rendered to the wife, an action of that character may be brought directly against a married woman.    Laws 1896, c. 272, § 21.    Moreover, from all the facts and circumstances disclosed by the testimony in this case, the jury might properly have found that the defendant had a separate estate, and that she was directly liable under her contract made with the plaintiff.    The whole case presents only a conflict of evidence, which was decided by the jury in favor of the plaintiff, and their determination should not be disturbed.

Judgment affirmed, with costs to respondent.

MacLEAN, J., concurs.    LEVENTRITT, J., took no part.