WALTER J. BRADT, Respondent, v. CHARLES SHULL, Defendant; MARY SHULL, Appellant.

46  347<br>40 Mis 366

*Purchase of goods for family use by a wife — presumption that she acts as her husband's agent.*

A wife living with her husband is not liable for goods purchased in part by her, and in part by him, for use in their family, where she does not agree to become personally responsible for the indebtedness, and the goods are charged to the husband at the time of the purchase.

APPEAL by the defendant, Mary Shull, from a judgment of the County Court of Fulton county in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 11th day of July, 1899, affirming a judgment of a justice of the peace in favor of the plaintiff.

*D. H. McFalls*, for the appellant.

*Ralph Glasgow*, for the respondent.

HERRICK, J.:

This is an action to recover the purchase price of groceries.

The defendants are husband and wife, living together as such. Part of the groceries were purchased by the husband and part by the wife. The plaintiff's testimony is that the groceries were purchased for the use of the defendants' family. The presumption is that a married woman who purchases groceries for the use of the

family, does so as the agent of her husband. (*Lindholm* v. *Kane*, 92. Hun, 369.)

The husband was legally liable for such groceries and the wife was not, either for what her husband or what she purchased. (*Edwards* v. *Woods*, 131 N. Y. 350, 352.)

The goods were all charged to the husband by the plaintiff at the time of the purchase. The wife did not agree to become personally responsible for the indebtedness. The judgment, as against the defendant Mary Shull, should, therefore, be reversed.

All concurred.

Judgment of the County Court and of the justice's, as against the appellant, Mary Shull, reversed, with costs in both courts and of this appeal.