BRADT v. SHULL et ux.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

1. HUSBAND AND WIFE—AGENCY OF WIFE—PRESUMPTION.

A wife who purchases groceries for the family is presumed to do so as agent for her husband.

2. SAME—LIABILITY.

A husband is liable for groceries purchased for the family by his wife; but, without an agreement to become personally responsible, she is not liable for such articles purchased either by herself or her husband.

Appeal from Fulton county court.

Action by Walter J. Bradt against Charles and Mary Shull. From a judgment for plaintiff, defendants appeal. Reversed as to defendant Mary Shull.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

D. H. McFalls, for appellants.

Ralph Glasgow, for respondent.

HERRICK, J. This is an action to recover the purchase price of groceries. The defendants are husband and wife, living together

as such. Part of the groceries were purchased by the husband, and part by the wife. The plaintiff's testimony is that the groceries were purchased for the use of the defendants' family. The presumption is that a married woman who purchases groceries for the use of the family does so as the agent of her husband. Lindholm v. Kane, 92 Hun, 369, 36 N. Y. Supp. 665. The husband was legally liable for such groceries, and the wife was not, either for what her husband or what she purchased. Edwards v. Woods, 131 N. Y. 350–352, 30 N. E. 237. The goods were all charged to the husband by the plaintiff at the time of the purchase. The wife did not agree to become personally responsible for the indebtedness. The judgment, as against the defendant Mary Shull, should therefore be reversed.

Judgments of the county court and of the justice, as against the defendant Mary Shull, reversed, with costs in both courts, and of this appeal. All concur.