(40 Misc. Rep. 365.)

### HAZARD v. POTTS et al.

(Supreme Court, Appellate Term. March, 1903.)

1. MARRIED WOMAN—MEDICAL SERVICES—LIABILITY.

   A married woman is not liable for medical services rendered to her husband or the family, unless she has bound her separate estate with the payment for such services.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry Hazard against Caroline Potts and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Phillips & Samuels, for appellants.
F. Herbert Wadsworth, for respondent.

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. §§ 135, 593.

GIEGERICH, J. The action is to recover the sum of $112 for services rendered by the plaintiff's assignor, Emory M. Wadsworth, M. D., and Stuart H. Benton, as physicians. The pleadings were oral. The defendant is a married woman having a husband and two children, and, although her husband was joined with her as a party defendant, she alone defended the action. The answer was a general denial, coverture, and that the plaintiff was not the real party in interest.

At the beginning of the trial, the defendant's counsel admitted "that the plaintiff's assignors rendered for the defendant Robert Potts and his family medical services of the reasonable value of $112, no part of which had been paid, and that they were rendered to the defendant Robert Potts and his family," and the only question litigated was whether the defendant had incurred a personal liability for the services in suit. The justice resolved the conflict of evidence in favor of the plaintiff for the full amount claimed, and the defendant appealed to this court.

The sole question in the case is whether the defendant is liable for the services rendered. The liability for such services is presumptively and primarily upon the husband, unless the wife, by express agreement, charged herself personally with the same. Webber v. Spanhake, 2 Redf. Sur. 258; Estate of Mrs. Shipman (Sup.) 6 N. Y. Supp. 276; Hallock v. Bacon (Sur.) 19 N. Y. Supp. 101; Matter of Smith, 18 Misc. Rep. 141, 41 N. Y. Supp. 1093; Lindholm v. Kane, 92 Hun, 369, 36 N. Y. Supp. 665. Therefore, in order to charge the defendant with liability, it was incumbent upon the plaintiff to prove that she undertook liability, and that such services were rendered upon her credit.

The evidence shows that the services were rendered upon the request of different members of the defendant's family; but, even if the defendant had requested the rendition of any of them, such request would not have raised any implied promise on her part to pay for the same (Crane v. Baudouine, 55 N. Y. 256; Estate of Mrs. Shipman, supra; Matter of Smith, supra); but, on the contrary, since all the services were necessary for the defendant's family, and the plaintiff's assignors knew it, the presumption would be that the defendant had made such request as agent of her husband. Lindholm v. Kane, supra; Bradt v. Shull, 46 App. Div. 347, 61 .N. Y. Supp. 484. The record is barren of any evidence tending to show that the services were rendered upon the personal credit of the defendant, or that the plaintiff's assignors, when they rendered them, told the defendant that they would look to her for payment of the same.

Under these circumstances, no recovery against the defendant can be maintained, unless some effect can be given to the testimony adduced in plaintiff's behalf that, after all the services had been rendered, the defendant made two payments on account, and thereafter asked for a bill, and said she would probably pay the claim in installments; subsequently the defendant wrote one of the plaintiff's assignors that "as soon as I am able to go to New York I will call," and that she meant by that letter that she wanted to go there for the purpose of borrowing money from a friend; thereafter, viz., in the month of November, 1902, Dr. Wadsworth, one of the plaintiff's assignors, and

his brother called at the defendant's residence, where they at first met the husband, who excused himself by saying that his wife would be in presently and talk with them, and that the defendant then appeared and stated that they wanted to pay the bill if given time to do so, and that she was willing to give a note, but that she could not speak for her husband, and that a day or two thereafter the defendant told one Miss Ada M. McKenzie that she would pay the bill. The defendant denied that she promised to pay such bill, but, even if she did, such promise would not, for obvious reasons, enable the plaintiff to maintain an action thereon, but might, at most, be some evidence of an agreement at the outset to pay, if nothing appeared to the contrary. Lindholm v. Kane, supra. Such question, however, need not be considered, since it appears from the evidence that the plaintiff's assignors did not have any conversation with the defendant about payment for his services until after they had been rendered. There was therefore no evidence in the case from which it might be legitimately inferred that the services were rendered upon the agreement of the defendant to be personally liable for them. On the contrary, the bills rendered by the plaintiff's assignors were made out to the husband, which facts strongly tend to show that the services were rendered upon his credit alone. Hence, in the absence of an original agreement to be personally liable, the defendant's alleged subsequent promise to pay for them, even if established, must be presumed to have been made in her relation of wife, and in the exercise of her implied agency to obtain medical attendance for the family.

There is no evidence that the defendant was engaged in any business when the services were rendered, or that she bound her separate estate, if she had any, with the payment thereof, and therefore, in the absence of proof showing an agreement on her part to be personally liable, the recovery by the plaintiff against her was not warranted. It results from these views that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.