## RICHARDS v. YOUNG.

(Supreme Court, Appellate Term. June 22, 1903.)

1. HUSBAND AND WIFE—NECESSITIES—MEDICAL TREATMENT—WIFE'S INDIVIDUAL LIABILITY.

    A married woman is not personally liable for medical services rendered to her and her child at her own request, in the absence of special agreement making her so, though Laws 1896, p. 220, c. 272, permits actions against a married woman, the same as if she were single, in respect to "her" contracts.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by George A. Richards against Louis McAllister Young. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Thomas Davis Day, Jr., for appellant.
Robertson Honey, for respondent.

FREEDMAN, P. J. The facts in this case are not in dispute. The action is to recover for medical services rendered by plaintiff to

the defendant. The defendant went to plaintiff's office, and requested treatment for herself and · child. This was given by the plaintiff. Mother and child were respectively the wife and daughter of one Alexander C. Young, which fact plaintiff knew. Nothing was said regarding the payment for this treatment, and it is conceded that defendant "knew that physicians do not give their services free of charge." It is conceded that there was no express contract made by the defendant binding on or intending to bind her separate estate, nor is it shown that she is possessed of any. Plaintiff had a judgment.

This case is similar to Hazard v. Potts, 40 Misc. Rep. 365, 82 N. Y. Supp. 246, where the court held that a married woman is not liable for medical services rendered to her husband and his family, unless in the first instance she pledged her personal credit to pay for such services. Although in that case the evidence showed that the services charged for were rendered upon request of different members of defendant's family, it was held that, even if defendant had requested the rendition of any of them, such request would not have raised any implied provision on her part to pay for the same. Crane v. Baudouine, 55 N. Y. 256. Chapter 272, p. 220, Laws 1896, § 21, permits the bringing of actions against a married woman, the same as if she were single, "in respect to her contracts." In the case at bar the plaintiff shows neither an express nor implied contract on the part of the defendant. In Mayer v. Lithauer, 28 Misc. Rep. 171, 58 N. Y. Supp. 1064, there was evidence that the wife had made herself directly liable, and therefore that case is not in point.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.