### MANDEL BROS. v. SIMPSON.

(Otsego County Court. March 26, 1910.)

1. COURTS (§ 8*)—EXTENT OF JURISDICTION—COMITY BETWEEN STATES.

    The statutes of one state have only such force in another state as is allowed them by that state under the doctrine of comity, the extent and scope of which will be determined by each particular sovereignty.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19; Dec. Dig. § 8.*]

---

**2. COURTS (§ 8*)—EXTRATERRITORIAL EFFECT OF STATUTES.**

The doctrine of comity does not apply to a large class of foreign statutes, including those relating to married women; and a statute of another state, making the husband and wife both liable for debts contracted for the family maintenance, and permitting the wife to be sued jointly or severally thereon, will not be enforced in this state, New York having no such statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19; Dec. Dig. § 8.*]

**3. HUSBAND AND WIFE (§ 151*)—WIFE'S LIABILITY—GOODS SOLD HUSBAND.**

While a married woman may contract as a feme sole for the benefit of her separate estate, where she contracts as a married woman, and not in her individual capacity, she is not personally liable thereon, unless the contract expressly makes her so and the credit is given for her exclusive benefit, so that the wife would not be liable for the price of goods purchased for family use and charged by the seller to the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 584, 585; Dec. Dig. § 151.*]

Appeal from Justice Court.

Action by Mandel Bros. against Clara Smith Simpson. From a judgment for plaintiffs, defendant appeals. Reversed.

D. W. Miller, for appellant.

W. I. Bolton, for respondents.

KELLOGG, J. This is an appeal from a judgment rendered in Justice's Court, town of Oneonta, on the 8th day of April, 1909, in favor of the plaintiff for the sum of $26.12 damages and $4.45 costs. The action was brought to recover for the purchase price of merchandise, which it is claimed plaintiff sold and delivered to the defendant and her husband, at their request, at its store in the city of Chicago, which consisted of household necessities.

It is alleged in the complaint that under the laws of the state of Illinois (chapter 68, § 15, and chapter 76, § 3, passed July, 1874 [Rev. St. 1874]), the husband and wife are both chargeable with debts contracted for the maintenance of a family, and that the wife may be sued jointly or severally for the same. It was upon this cause of action that the plaintiff was permitted to recover, upon the theory that a statutory liability under the laws of the state of Illinois is enforceable in our courts, notwithstanding the fact that no such liability exists under the laws of this state.

In the case at bar the plaintiff's right of action has no other legal or moral basis than the fiat of the Legislature of another state. It is a principle of universal application, recognized in all civilized states, that the statutes of one state have, ex proprio vigore, no force or effect in another. The enforcement in our courts of some positive law on the regulation of another state depends on our express or tacit consent. The consent is only given by virtue of the adoption of the doctrine of comity as part of our municipal law. That doctrine has many limitations, and each sovereignty has the right to determine for itself its true scope and extent.

The courts of this state are open to all suitors to enforce rights of action, transitory in their nature, recognized by the common law or

founded on actual justice, and when no law or principle of public policy interferes. There is, however, a large class of foreign laws and statutes which, under the doctrine of comity, have no force in this jurisdiction. It has been held by the Court of Appeals of this state that it is a principle universally recognized that the revenue laws of one country have no force in another, and that the exemption laws, and the laws relating to married women, as well as a local statute of frauds, are not recognized in another jurisdiction, under the principles of comity. Marshall v. Sherman, 148 N. Y. 25, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654; Morgan v. Neville, 74 Pa. 52; Kelly v. Davenport, 1 Browne (Pa.) 231; Ross v. Wigg, 34 Hun, 192; Ludlow v. Van Rensselaer, 1 Johns. 95; Skinner v. Tinker, 34 Barb. 333; Waldron v. Ritchings, 3 Daly, 288; Siegell v. Robinson, 56 Pa. 19, 93 Am. Dec. 775. The alleged liability of the defendant under the laws of the state of Illinois will not be enforced in the courts of this state because it has no such statutes. 25 Am. & Eng. Enc. 406; Mandell v. Fogg, 182 Mass. 582, 66 N. E. 198, 17 L. R. A. (N. S.) 426, 94 Am. St. Rep. 667; Judge v. Wright, 73 Ala. 324.

No claim is or can be made in this action that the defendant ever became personally responsible for the indebtedness alleged in the complaint, or that she ever expressly charged her separate estate. On the contrary, it appears by plaintiff's Exhibit 1, in evidence, that all of the merchandise set forth in the complaint was charged on its books to the husband of the defendant. It has been distinctly held by the courts of this state that a wife living with her husband is not liable for goods purchased in part by her and in part by him for use in their family, where she does not agree to become personally responsible for the indebtedness, and the goods are charged to the husband at the time of the purchase. Bradt v. Shull, 46 App. Div. 347, 61 N. Y. Supp. 484.

A married woman may make contracts, and is as liable thereon, as if she were a feme sole; but such is not the case where she contracts as a married woman, and not in her individual capacity. She is only the agent of her husband, and cannot be held as a principal. Lugar v. Swayze, 1 Misc. Rep. 209, 20 N. Y. Supp. 885. Where a contract made by a married woman is not for the benefit of her separate estate, she is not liable thereon, unless the intention to charge the same be expressed in the contract. The credit also must have been for her own exclusive benefit. Weir v. Groat, 4 Hun, 193; Yale v. Dederer, 22 N. Y. 460, 78 Am. Dec. 216; White v. McNett, 33 N. Y. 371; Corn Exchange v. Babcock, 42 N. Y. 613, 1 Am. Rep. 601.

In Lugar v. Swayze, 2 Misc. Rep. 411, 21 N. Y. Supp. 1102, Bookstaver, J., says:

"If the defendant could be held personally liable in this action, there is nothing to hinder any tradesman from holding the wife liable for anything pertaining to the household which she directs to be done, and she would be liable for the hire of the household servants, who are always under her direction and selection."

It is very obvious, then, that neither under the doctrine of comity nor under the rules of law which obtain in this state can this action be maintained, and the judgment recovered herein must be reversed on the law.

An objection which was made to the receipt in evidence of the answer to the sixth interrogatory of the witness Fred L. Mandel would in itself necessitate the reversal of this judgment; but, as it must necessarily be reversed for the reasons already stated, further reference to the objection in question is not deemed essential.

The judgment appealed from herein should be reversed, with costs. Judgment reversed, with costs.