8903. FISHER *v.* DARSEY, administrator.

The mere fact that the wife received the benefit of goods bought by her husband on his own credit would not make her liable in law to the seller for the price of the goods.

DECIDED JANUARY 21, 1918.

Complaint; from city court of Hinesville—Judge W. C. Hodges. May 5, 1917.

*Melville Price,* for plaintiff in error. *O. C. Darsey,* contra.

BLOODWORTH, J. A note was given by a husband for the purchase-price of certain wire fencing, and suit for the same amount was afterwards brought against his wife. A copy of the note was attached to the petition, which alleged that the defendant was indebted to the plaintiff "upon a certain contract," that A. B. Fisher, her husband, bought certain wire fencing, for which the note was given, and that the wire fencing was carried to her home and "placed upon her property by being stretched upon and around her said lands, which she knowingly permitted done; that while the said debt was made by said A. B. Fisher, Mrs. Maggie E. Fisher [the defendant] received the benefits of said contract, by allowing the said fencing put upon and around her individual property, and that when so done increased the value of said property to the extent of the price of the said fencing as above stated." To this petition a demurrer was filed as follows: "First, that said petition fails to set forth a cause of action against this defendant. Second, that said petition shows on its face that the note sued

upon, or attempted to be sued upon, is made by A. B. Fisher, and does not bear the signature of this defendant as maker, indorser, or otherwise. Third, that said petition shows upon its face that the indebtedness sued upon, if existing at all, is the indebtedness of said A. B. Fisher, and is not the indebtedness of this defendant. Fourth, that said petition shows upon its face that said suit is brought for the purpose of rendering the defendant liable for the indebtedness of her husband, the said A. B. Fisher, contrary to law."

The demurrer was good, and the court erred in overruling it. There is nothing in the petition to show that the credit was not extended absolutely to the husband, and nothing to indicate that he was acting as the wife's agent, or that she was his undisclosed principal. Before evidence could properly be introduced to show agency of the husband in such a case as this, the agency must be alleged. In the decision in the case of *Pinkston* v. *Cedar Hill Nursery &c. Co.,* 123 *Ga.* 303 (51 S. E. 387), it was said: "The mere fact that [the wife] got the benefit of the purchase would not make her liable to the seller. *Hightower* v. *Walker,* 97 *Ga.* 748 [25 S. E. 386]. Nor could she be held accountable unless her husband acted as her agent in the transaction (*Axson* v. *Belt,* 103 *Ga.* 578 [30 S. E. 262]), nor even then, if the fact of agency was known to the seller, and the seller extended credit to her agent, not to her. Civil Code, § 3025; *Mitchell* v. *Printup,* 68 *Ga.* 675; *Miller* v. *Watt,* 70 *Ga.* 385." See also *Blount* v. *Dugger,* 115 *Ga.* 109 (41 S. E. 270). The allegations in the petition in this case fail to bring it under the principle upon which was decided the case of *Pinkston* v. *Cedar Hill Nursery &c. Co.,* supra, relied on by the defendant in error; nor do they bring it under the principle upon which was decided the case of *Home Fertilizer &c. Co.* v. *Dickerson,* 12 *Ga. App.* 149 (76 S. E. 1040), or the case of *Swearington* v. *Virginia-Carolina Chemical Co.,* 19 *Ga. App.* 658 (91 S. E. 1050).

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*