## MINOT PLUMBING & HEATING COMPANY, Appellant, v. C. B. BACH, Administrator, Respondent.

(177 N. W. 507.)

**Husband and wife — contracts between — where husband, living with his wife, the wife being the record owner of the house, has improvements done with wife's knowledge, but without her entering into the contract, husband alone is liable.**

The mere fact that the wife was the record owner of a certain house occupied by her and her family, including her husband, as a home; and that she

NOTE.—That a contract is binding upon a wife whenever the husband is shown to have been invested with the power of agent in regard to the management of her property, will be seen by an examination of the cases collated in a note in L.R.A. 1918F, 20, on liability of husband, as agent for wife, for services of one employed by him.

knew that the plaintiff was installing or altering certain plumbing therein,—
does not make her liable for the work so performed by the plaintiff, where it
appears that the services were performed under a contract made by the hus-
band alone; that plaintiff performed the work and extended the credit solely
to the husband, charged the amount of the indebtedness to him upon its books,
received partial payment from him, brought suit and recovered judgment
against him alone for the balance due on the account, and had execution issued
upon the judgment.

Opinion filed December 27, 1919.

From a judgment of the County Court of Ward County, *Murray, J.,*
plaintiff appeals.

Affirmed.

*W. H. Sibbald,* for appellant.

"An agency, like any other fact, may be proved by circumstances and
the conduct of the parties and the relation that had previously existed
between them." 2 Jones, Ev. § 256; Grant Co. Bank v. Northwestern
Land Co. 28 N. D. 479; Lake Grocery Co. v. Chiostri, 34 N. D. 399;
31 Cyc. 1574.

"Where one dealt with an agent who failed to disclose his principal,
his right to proceed against the principal was not dependent upon the
diligence used in discovering the fact of the concealed agency." Bald-
win v. Garrett, 111 Ga. 876, 36 S. E. 966.

"Where goods are purchased by an agent, without disclosing the
name of his principal, the latter may be held liable for the debt when
he is discovered." Partick & Co. v. Grand Forks Mercantile Co. 13
N. D. 12; 31 Cyc. 1267 and cases cited.

"An unsatisfied judgment against the agent in favor of the third per-
son is not conclusive of the election to hold the agent and to discharge
the principal; the principal is not discharged short of satisfaction of
the judgment against the agent. Maple v. Cincinnati, H. & D. R. Co.
40 Ohio St. 313, 48 Am. Rep. 685; Beymer v. Bonsall, 79 Pa. 298;
Cobb v. Knapp, 71 N. Y. 348, 27 Am. Rep. 511; 21 R. C. L. 894.

*Bradford & Nash* and *E. T. Burke,* for respondent.

Under an allegation of express contract no recovery can be made on
a *quantum meruit.* To permit recovery upon an implied contract

would be to change the cause of action as originally presented. Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661.

"This power (the power to amend) rests in the sound legal discretion of the trial court, to be exercised in furtherance of justice and upon such terms as may be just." Satterlee v. Beall, 12 N. D. 129.

When the agency has been disclosed before suit is filed a judgment therein against the agent, although unsatisfied, is a bar to an action against the principal. Jones v. Ætna Ins. Co. 14 Conn. 501; Kingsley v. Davis, 104 Mass. 178; Weil v. Raymond, 142 Mass. 206.

CHRISTIANSON, Ch. J. On the 17th day of June, 1917, the plaintiff submitted to one James Longevan a written proposal to change certain fixtures, and install a complete plumbing system, in a certain house in the city of Minot, for a consideration of $595. The proposition was accepted by James Longevan in writing. The plaintiff thereupon performed the work according to the written agreement. Plaintiff also claims that it performed certain extra work which made the aggregate of its charge for the work so performed and materials furnished $634.72. Longevan afterwards paid the plaintiff sums aggregating $500, leaving a balance unpaid (according to the plaintiff's claim) aggregating $134.72. This amount remaining unpaid, plaintiff instituted an action against James Longevan in justice's court in Ward county, in this state, for said sum, and recovered a judgment therefor on the 20th day of February, 1918. Execution was subsequently issued on such judgment, and on the 4th day of March, 1918, a levy was made upon certain personal property belonging to the said James Longevan. Thereafter the plaintiff instituted this action against Bertha Longevan, the wife of James Longevan, wherein it averred that the services were performed and materials furnished for her, at her instance and request, acting through her agent James Longevan. The action was commenced in a justice's court, and was brought by appeal to the county court of Ward county, where it came on for trial before the court and a jury on January 17, 1919. In the meantime Bertha Longevan had died, and her administrator, C. B. Bach, was substituted as party defendant. At the close of all the testimony, the trial court directed a verdict in favor of defendant. Judgment was entered upon the verdict, and plaintiff has appealed.

The controlling question in the case is whether the trial court was justified in directing a verdict in favor of the defendant. A careful consideration of all the evidence in the case leads us to the conclusion that the trial court properly directed such verdict. In our opinion there was no evidence in the case from which reasonable men, by the exercise of judgment and reason, could find that the plaintiff had entered into any contract with Bertha Longevan, or furnished any materials or performed any work for her at her request. On the contrary the only deduction which could reasonably be drawn from the evidence was that the plaintiff contracted with James Longevan personally, and not with him as agent for his wife; that whatever credit it extended it extended to James Longevan, and not to Bertha Longevan.

As already stated, the evidence shows that on June 17, 1917, the plaintiff submitted a written proposal to James Longevan, which was accepted by him. The written proposal was prepared by the plaintiff, and James Longevan signed his name on a line at the bottom, which was followed by the word "owner." The plaintiff, in its books of account, charged James Longevan alone. It is not contended that the credit was extended to his wife, or on the belief that she was to be charged. On the contrary the plaintiff disclaims any knowledge or notice that she was a party to the transaction, until long after the work had been done. At the time the contract was made and the services performed, the plaintiff assumed that it was contracting with James Longevan and performing the services for him. It had no intention of extending any credit to Bertha Longevan, but did intend to extend credit to her husband. Later it brought suit and recovered judgment against him, and had execution issued thereon and levied upon his property. The evidence does not show what was done with the property seized under the execution. It does not appear whether the levy was released, or the property sold and the proceeds applied upon the judgment.

In this state "the wife, after marriage, has, with respect to property, contracts, and torts, the same capacity and rights and is subject to the same liabilities as before marriage;" and she may enter into any engagement or transaction with her husband or any other person, respecting property, which she might if unmarried. Comp. Laws 1913, § 4411; McDowell v. McDowell, 37 N. D. 367, 164 N. W. 23. When

it is sought to hold the wife liable for a contract claimed to have been made by the husband as her agent, the person who seeks to enforce the contract must establish the agency of the husband. This may be established the same as in other cases. The agency may be express or implied. It may be established by direct or by circumstantial evidence the same as any other fact. And in weighing the evidence the surrounding circumstances, including the relation of the parties, will be considered. But there must be some competent evidence from which reasonable men can reasonably draw the inference that the agency existed. The mere relation of the parties is not enough. For "a husband has not, by virtue of the marital relation, any authority to act as agent of his wife, or to make any agreement on her behalf binding her rights without her consent." 13 R. C. L. p. 1168, § 194.

The only evidence adduced by the plaintiff for the purpose of establishing a right to recover against Bertha Longevan was that the record title to the premises was in her name; that she was living in the house with her husband at the time the work was being performed, and hence had actual knowledge that it was being done; that upon one occasion she telephoned plaintiff and made some inquiry about the work; and that, while the work was being performed, the men who were doing it at times made inquiry from her in regard thereto. Manifestly there was nothing in the acts of Bertha Longevan which tended to differentiate the transaction from one in which similar work is being done in a home, the title to which is in the husband's name, and where he alone is charged with liability therefor. As was well said by the supreme court of Wisconsin in Wright v. Hood, 49 Wis. 235, 5 N. W. 490: "There is nothing in these simple and common acts and words of the wife, in respect to the common and ordinary conduct of family and household affairs, at all incompatible with her entire exemption from all liability or responsibility in reference to these materials, so contracted for and furnished by and for the husband, although to improve her house, for the use of her family, including her husband."

We are entirely satisfied that the evidence as a whole failed to establish a prima facie case against Bertha Longevan or the administrator of her estate. Holmes v. Bronson, 43 Mich. 562, 6 N. W. 89; Hillier v. Eldred, 91 Mich. 54, 51 N. W. 705; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Rees v. Shepherdson, 95 Iowa,

431, 64 N. W. 286; Jones v. Walker, 63 N. Y. 612; Fisher v. Darsey, 21 Ga. App. 583, 94 S. E. 839. See also McCausland v. King, 60 Mich. 70, 26 N. W. 836.

Judgment affirmed.